STATE OF NEBRASKA, APPELLEE AND CROSS-APPELLANT, V.
JOHNNY MEERS, APPELLANT AND CROSS-APPELLEE.
671 N.W.2d 234

Filed November 21, 2003.   No. S-02-1099.

Arthur C. Toogood, Adams County Public Defender, for appellant.

Jon Bruning, Attorney General, and Susan J. Gustafson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

In this postconviction action, the district court for Adams County granted Johnny Meers a new direct appeal on the issue of whether the trial court erred in denying his pretrial motion for absolute discharge on speedy trial grounds. The district court denied Meers' claims for postconviction relief on other grounds. On appeal, Meers seeks to both prosecute the new direct appeal and obtain review of the denial of other postconviction relief. We

conclude that the district court erred in granting the new direct appeal and therefore reverse, and remand for further proceedings.

## BACKGROUND

In 1998, Meers was convicted of one count of first degree sexual assault on a child under Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1989), and one count of sexual assault of a child under Neb. Rev. Stat. § 28-320.01 (Reissue 1995). We affirmed the convictions and sentences on direct appeal. *State v. Meers*, 257 Neb. 398, 598 N.W.2d 435 (1999). Meers subsequently brought an action for postconviction relief, asserting that his trial and appellate counsel was ineffective in (1) failing to perfect an appeal from a pretrial denial of his motion to discharge, (2) failing to file a motion to quash an amended information, and (3) allowing the trial to proceed without obtaining a waiver of the State's right to a jury trial. Following an evidentiary hearing at which trial counsel admitted that he erred in advising Meers as to the time for appealing the denial of the motion for discharge, the district court for Adams County held that trial counsel's performance was deficient in this respect. The court further held that under the reasoning in *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000), prejudice was presumed. Accordingly, the court granted Meers postconviction relief in the form of a new direct appeal from the pretrial order denying his motion to discharge. It denied the further postconviction relief sought by Meers.

Within 30 days of the court's order in the postconviction action, Meers filed a notice of appeal, stating, "You are hereby notified that the Defendant intends to prosecute an appeal to the Court of Appeals. The Defendant was granted a new direct appeal pursuant to his petition for the [sic] post conviction relief by the District Court by a Journal Entry filed August 27, 2002." Meers' attached affidavit and application to proceed in forma pauperis recited, "The nature of the action is an appeal from a denial of post-conviction relief. Affiant believes that he is entitled to redress." In this appeal, Meers contends that the trial court erred in denying his pretrial motion for discharge and that the postconviction court erred in failing to find his trial counsel ineffective for failing to file a motion to quash the amended information. The State filed a cross-appeal raising certain procedural

issues, including the question of whether a new direct appeal is an appropriate postconviction remedy under the circumstances presented in this case. We granted the State's petition to bypass.

## ASSIGNMENTS OF ERROR

Meers assigns that the trial court erred in denying his motion for discharge and that the postconviction court erred in denying his claim that trial counsel was ineffective for failing to file a motion to quash the amended information. On cross-appeal, the State assigns that the postconviction court (1) lacked jurisdiction to order a new direct appeal from a pretrial order denying the motion to discharge; (2) erred in applying the reasoning of *Trotter, supra,* to conclude that prejudice was presumed from trial counsel's failure to perfect the pretrial appeal; and (3) erred in addressing the remainder of Meers' postconviction claims after ordering a new direct appeal.

## ANALYSIS

Where a defendant is denied his or her right to appeal because counsel fails to perfect an appeal, the proper vehicle for the defendant to seek relief is through the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1995). *State v. Caddy,* 262 Neb. 38, 628 N.W.2d 251 (2001); *State v. Hess,* 261 Neb. 368, 622 N.W.2d 891 (2001). The power to grant a new direct appeal is implicit in § 29-3001, and the district court has jurisdiction to exercise such a power where the evidence establishes a denial or infringement of the right to effective assistance of counsel at the direct appeal stage of the criminal proceedings. *State v. Bishop,* 263 Neb. 266, 639 N.W.2d 409 (2002); *State v. McCracken,* 260 Neb. 234, 615 N.W.2d 902 (2000), *abrogated on other grounds, State v. Thomas,* 262 Neb. 985, 637 N.W.2d 632 (2002); *State v. Blunt,* 197 Neb. 82, 246 N.W.2d 727 (1976). In *McCracken,* we specifically rejected the State's contention that the power conferred by the postconviction act is limited to either setting aside a criminal judgment because of a violation of the defendant's constitutional rights or denying postconviction relief entirely. We held that in addition to the district court's express statutory power to void the entire criminal proceedings, a district court had implicit authority to grant a new direct appeal "where

the evidence establishes a denial or infringement of the right to effective assistance of counsel at the direct appeal stage of the criminal proceedings." *McCracken*, 260 Neb. at 245, 615 N.W.2d at 914.

Subsequently, in *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000), we held that if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant *after* a trial, conviction, and sentence, prejudice to the defendant will be presumed under the test articulated in *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), and need not be proved under the two-pronged test for determining ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In reaching this conclusion, we relied on cases equating the failure to perfect a direct appeal following conviction with a complete denial of any assistance of counsel at a critical stage of the proceeding. See, e.g., *Castellanos v. U.S.*, 26 F.3d 717 (7th Cir. 1994) (approved in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000)).

Unlike *Trotter, supra*; *McCracken, supra*; and other cases in which we have recognized a new direct appeal as an appropriate form of postconviction relief, the alleged deficiency of defense counsel in this case occurred *before*, not after, the defendant was convicted. A pretrial ruling on a motion for absolute discharge based upon an accused criminal's nonfrivolous claim that his or her speedy trial rights were violated is final and appealable. *State v. Gibbs*, 253 Neb. 241, 570 N.W.2d 326 (1997). The failure to file a timely appeal from such an order forecloses appellate review of the defendant's claim of denial of the right to a speedy trial. *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997). Here, Meers contends that his trial counsel should have perfected an appeal from the order denying his motion for discharge and that such appeal would have averted his trial and conviction. We agree with the State's argument on cross-appeal that our holdings in *McCracken, supra*; *Trotter, supra*; and related cases cannot be logically extended to permit the postconviction remedy of a new direct appeal where the claim of ineffective assistance of counsel is based upon acts or omissions occurring in the pretrial or trial stages of a criminal prosecution.

We reach this conclusion for two reasons. First, the rationale for granting a new direct appeal as postconviction relief does not apply where the alleged deficiency in the performance of counsel occurs prior to conviction. When a postconviction claim of ineffective assistance of counsel is based solely upon counsel's failure to perfect an appeal from a conviction, a new direct appeal permits restoration of the convicted defendant's rights and status at the time of counsel's deficient performance by affording the full statutory time to perfect and prosecute a direct appeal while not disturbing the conviction, unless the appeal discloses reversible error. Here, restoring the status quo at the time of the alleged deficient performance would require setting aside the conviction, which is not authorized by § 29-3001 unless the defendant first demonstrates a violation of his or her constitutional rights at the conviction proceedings.

Second, unlike the defendants in *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000), and other cases in which we have approved a new direct appeal as a form of postconviction relief, Meers has not been completely deprived of a direct appeal. The absence of a timely appeal from the pretrial order denying discharge on speedy trial grounds foreclosed appellate review on that single issue, albeit a potentially dispositive one, but it did not affect the right to seek appellate review of other issues. This is evident from the fact that Meers' counsel perfected a direct appeal from his convictions and sentences, and this court fully considered and rejected his claimed errors relating to venue, sufficiency of the amended information and trial evidence, and the sentences imposed. *State v. Meers*, 257 Neb. 398, 598 N.W.2d 435 (1999). Meers' motion for postconviction relief cannot be fairly construed as alleging that he was completely deprived of the assistance of counsel at either the pretrial, trial, or appellate stages of his criminal prosecution. Rather, his claim is analogous to those postconviction cases in which a convicted defendant contends that trial counsel was deficient in failing to raise and preserve specific issues for appellate review. In such cases, we have required the defendant to prove both deficient performance and resulting prejudice under the standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). See, e.g., *State v. Davlin*, 265 Neb. 386, 658

N.W.2d 1 (2003) (holding error in not objecting to jury instruction so that issue would be preserved for appellate review not prejudicial under second prong of *Strickland*); *State v. Harrison*, 264 Neb. 727, 651 N.W.2d 571 (2002) (affirming denial of postconviction relief based in part upon determination that counsel's failure to properly raise and preserve certain issues not prejudicial to defendant); *State v. Tucker*, 257 Neb. 496, 598 N.W.2d 742 (1999) (affirming denial of postconviction relief based in part upon determination that even if counsel had preserved motion to suppress for appeal, there was no reasonable probability that evidence would have been suppressed and that therefore defendant was not prejudiced).

We conclude that Meers' claim can and should be fully adjudicated within this postconviction action utilizing the *Strickland* test for determining the effectiveness of counsel. Thus, the critical issue is whether a timely appeal from the pretrial order denying absolute discharge would have resulted in a reversal and prevented a subsequent trial and conviction. Only if that question is resolved in the affirmative could the failure to perfect the appeal be deemed prejudicial in the sense that it would have altered the result of the prosecution. See, *State v. Cook*, 266 Neb. 465, 667 N.W.2d 201 (2003); *State v. Leibhart*, 266 Neb. 133, 662 N.W.2d 618 (2003). If it is determined that failure to perfect the appeal constituted deficient performance which was prejudicial under *Strickland*, the appropriate postconviction relief would not be a new direct appeal, but, rather, an order vacating the convictions and discharging Meers from custody. See *State v. Bishop*, 263 Neb. 266, 639 N.W.2d 409 (2002). This determination should be made in the first instance by the district court.

We therefore conclude that the district court erred in awarding Meers a new direct appeal instead of adjudicating the merits of Meers' speedy trial claim in the context of a *Strickland* prejudice analysis. Because the district court has therefore not yet fully adjudicated Meers' postconviction claims, neither of his assignments of error is ripe for appellate review at this time, and we do not reach them. On remand, the district court is directed to resolve Meers' claim that his trial counsel was ineffective in failing to perfect an appeal from the order denying his motion for discharge, utilizing the *Strickland* test as set forth

above. That determination, together with disposition of any other postconviction issues deemed necessary by the district court, should be included in a final order awarding or denying postconviction relief.

REVERSED AND REMANDED WITH DIRECTIONS.