DONALD D. MERRILL, APPELLEE, V.
GRISWOLD'S, INC., APPELLANT.
703 N.W.2d 893

Filed September 30, 2005.   No. S-04-723.

John W. Iliff and Francie C. Riedmann, of Gross & Welch, P.C., for appellant.

Gregory R. Coffey, of Friedman Law Offices, and Brett McArthur for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

In this workers' compensation case, we granted the petition for further review filed by the employer, Griswold's, Inc., which argues that the Nebraska Court of Appeals erred in awarding attorney fees to the employee, Donald D. Merrill.

## SCOPE OF REVIEW

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case. *Dawes v. Wittrock Sandblasting & Painting*, 266 Neb. 526, 667 N.W.2d 167 (2003).

## FACTS

Merrill was employed as a carpet installer for Griswold's. On June 25, 2002, Merrill filed an amended petition in the Workers' Compensation Court alleging that on March 3, April 5, and October 6, 2000, he incurred personal injury in accidents arising out of and in the course of his employment with Griswold's. Merrill alleged that he sustained lumbar degenerative disk disease or aggravation of lumbar degenerative disk disease as a result of repetitive motion injuries that occurred while he was installing carpet.

According to the record, on April 6, 2000, Merrill was examined by a nurse practitioner; diagnosed with lumbar muscle pain, spasm, and strain; and given medication. On May 1, he returned with continuing complaints of low-back pain and spasm, and physical therapy was recommended. Merrill attended one physical therapy session on May 11 and subsequently returned to

work. On October 6, Merrill experienced low-back pain while using a "knee kicker" while installing carpet. On October 9, he returned to the nurse practitioner with complaints of pain in his back. An MRI showed degenerative disk disease.

Merrill was referred to Dr. Andrew Messer. After an examination, Messer reported: "[Merrill] has had predating degenerative process, but the pain he had prior to the industrial related injury was tolerable and was not affecting his work. He does have a new onset of symptoms, predominantly radicular in nature and compatible with what I find on his MRI."

Surgery was performed, and Merrill was allowed to return to work on December 4, 2000. He was limited to lifting no more than 25 pounds and was to do no work on his hands and knees. Messer assessed Merrill on December 26 and recommended no further treatment. Merrill was released to work with no restrictions. He was to use common sense in determining his abilities.

On October 9, 2001, Merrill returned to Messer's office and reported that he had done well for some time, but he complained that he had developed pain in his right buttock and down into his right anterior thigh. An MRI showed several broad-based disk protrusions. Merrill had further back surgery on March 27, 2002, after which he developed infections and had a considerable amount of pain. He was unable to return to work.

Following a hearing, the trial court found that the medical treatment on April 6, 2000, and the physical therapy on May 11 were the result of an injury during the course and scope of Merrill's employment but that no temporary benefits were due, nor was there any permanent impairment or loss of earning power from this injury. The court found that on October 6, Merrill herniated a lumbar disk while using the knee kicker to install carpet. It also found that Merrill had missed 18 days of work and was entitled to 1½ weeks of temporary disability benefits. The first 7 days were not included in Merrill's entitlement, in accordance with Neb. Rev. Stat. § 48-119 (Reissue 2004).

In its order, the trial court noted that Merrill claimed Griswold's was liable for his treatment by Messer beginning October 1, 2001, but that Messer was unable to give an opinion as to the cause of the pain or the need for the surgery in March 2002. Therefore, the court was unable to find that the treatment

beginning October 1, 2001, and the surgery in March 2002 were the result of any injury during the course and scope of Merrill's employment.

The trial court noted in its order that at the time of the hearing, Merrill asked the court to determine liability only and to give him additional time to gather evidence on whether he had a permanent impairment. The record contains a letter dated February 4, 2003, in which Messer reported that Merrill had obtained maximum medical improvement. The court stated that the date of the report did not give Merrill enough time before trial to obtain an impairment rating and to request a determination of loss of earning power. It opined that until Merrill obtained a ruling on whether he was entitled to benefits for one or both surgeries, it would be difficult to prepare a loss of earning power report.

The trial court's order granted Merrill's request to determine at a later date any loss of earning capacity as a result of the October 6, 2000, injury. Merrill was directed to request an impairment rating based upon December 26, 2000, the date he reached maximum medical improvement. The order stated that if Merrill received an impairment rating, he should seek appointment of a vocational counselor to prepare a report identifying his loss of earning capacity as of December 26. Merrill was advised that if he obtained a permanent impairment rating, he could request a hearing to determine his entitlement to vocational rehabilitation services.

The trial court awarded temporary disability benefits to Merrill and directed Griswold's to pay certain medical expenses. The court ordered that upon the application of any party, a further hearing would be held regarding Merrill's loss of earning capacity and/or his entitlement to vocational rehabilitation services.

Following entry of the award, Griswold's sought review by a three-judge panel of the compensation court; however, Merrill argued before the panel that the award was not final because it did not determine the issue of his entitlement to permanent benefits. Merrill asserted that the trial court's determination of less than all the issues was an interlocutory order and was therefore not a final order for purposes of an appeal.

The review panel concluded that Merrill's permanent disability had not been presented to the trial court and that, therefore, the trial court had resolved all the issues submitted to it. The review panel held that the order of August 8, 2003, was a final, appealable order and affirmed the award of the trial court. Griswold's was also ordered to pay attorney fees of $1,500.

## COURT OF APPEALS DECISION

In an opinion not designated for permanent publication, the Court of Appeals concluded that the trial court was not clearly wrong in finding that Merrill sustained work-related injuries in April and October 2000. See *Merrill v. Griswold's, Inc.*, No. A-04-723, 2005 WL 283573 (Neb. App. Feb. 8, 2005) (not designated for permanent publication). The appellate court noted that the trial court had agreed to bifurcate the trial and concluded that the trial court had a valid reason for postponing its determinations as to whether Merrill had a permanent injury after the October accident and whether he sustained a loss of earning capacity as a result.

Because Merrill was able to return to his employment after the November 2000 surgery and perform the same work he had previously performed, the Court of Appeals concluded that he was not entitled to vocational rehabilitation benefits. It modified the trial court's award to provide that Merrill was not entitled to vocational rehabilitation, and it affirmed the award in all other respects. The Court of Appeals awarded Merrill attorney fees in the amount of $1,060. We granted the petition for further review filed by Griswold's.

## ASSIGNMENT OF ERROR

In its petition for further review, Griswold's claims that it obtained a reduction in Merrill's award on appeal from the review panel and that, therefore, the Court of Appeals erred in awarding attorney fees to Merrill.

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case. *Dawes v. Wittrock Sandblasting & Painting*, 266 Neb. 526, 667 N.W.2d 167 (2003). A party may appeal from

a court's order only if the decision is a final, appealable order. *Id.* Thus, we consider whether the order of the trial court was a final order which conferred jurisdiction upon the review panel.

The trial court determined that Merrill had sustained a compensable injury in the course and scope of his employment, but it did not decide whether Merrill was entitled to permanent disability benefits or vocational rehabilitation. It granted Merrill a continuance to obtain a determination whether he had a permanent impairment and to determine his loss of earning capacity, if any. The court stated that if Merrill received an impairment rating, he could request a hearing to determine his entitlement to vocational rehabilitation services.

We have held that an appeal to a review panel of the Workers' Compensation Court must be taken from a final order. See *Thompson v. Kiewit Constr. Co.*, 258 Neb. 323, 603 N.W.2d 368 (1999). Neb. Rev. Stat. § 48-179 (Reissue 2004) provides that "[e]ither party at interest who refuses to accept the *final findings, order, award, or judgment*" of the trial judge may seek review. (Emphasis supplied.)

In *Dawes, supra,* the claimant appealed from a decision of the trial judge in the Workers' Compensation Court that failed to address some of the issues raised by the claimant's petition. The review panel affirmed in part but ordered that the issues which were raised but not decided be remanded to the trial court for further consideration. The claimant appealed, and we granted bypass in order to address whether the trial court's award was a final, appealable order. We concluded that the trial court's order was intended to serve as a final adjudication of the rights and liabilities of the parties and that no issues were reserved for further determination. Although there were issues not discussed in the award, namely medical expenses and waiting-time penalties, the issues were not expressly reserved for later determination. We stated: "As a practical matter, the single judge affected a final adjudication by failing to award certain aspects of the relief requested by [the claimant]. Had the single judge expressly reserved ruling on those matters, the award would not have been final." *Id.* at 537, 667 N.W.2d at 181.

The Court of Appeals has also addressed this type of jurisdictional question. In *Hamm v. Champion Manuf. Homes,* 11

Neb. App. 183, 645 N.W.2d 571 (2002), the trial court awarded temporary total disability and permanent partial disability benefits, but expressly reserved ruling on medical expenses and mileage and set a later hearing date to resolve those issues. The employer filed an application for review, and the review panel remanded the cause to the trial court to resolve the issues. The employer then appealed to the Court of Appeals, which determined that the order of the trial court was not a final, appealable order because it did not resolve all the issues before it and that both the review panel and the Court of Appeals lacked jurisdiction over the matter.

In the case at bar, the trial court asked at the beginning of the hearing which issues were to be decided. Merrill's counsel replied that the court should decide causation. The following exchange then occurred:

[Merrill's counsel]: . . . . The only — I think we agreed the only issue we'd try today was just liability.

[Counsel for Griswold's]: No, we didn't agree to that. I don't think that's correct.

THE COURT: Well, maybe we did. I don't know. I can't say. Well, what do you think we're trying today? Have you got the medical bills in here?

[Merrill's counsel]: Well, I have the medical bills. I didn't offer them in the — as exhibits because my understanding was that we were going to try the issue of liability. The defense was denying any liability at all. They haven't paid any medical bills. So my understanding was we were bifurcating the trial.

The trial court asked Merrill's counsel what could not be tried at the hearing, and Merrill's counsel replied: "Well, obviously, I can't try damages, and my understanding was that we were going to try damages the second part of this trial." Counsel for Griswold's stated: "And I never understood that, Judge. I think the Court doesn't like to bifurcate these matters anyway." The court asked again what it should determine at that time, and Merrill's counsel responded: "Causation."

The trial court then stated that it would not decide Merrill's eligibility for permanent disability benefits at that time. Counsel for Griswold's objected that doing so would be prejudicial to

Griswold's, and he again stated he had no recollection that the trial was going to be bifurcated. Merrill's counsel stated that he and defense counsel had discussed bifurcating because Griswold's was not willing to pay for any services or vocational rehabilitation. The court then stated: "Usually when you bifurcate something, you basically just put the permanency off. You maybe put the rehab off, too. [I]f I find there's liability, I can send him out for a rating, too. Put the medical bills in. Get all your stuff. I'll decide all of it." The court admitted it did not know whether bifurcation had been discussed and stated: "I'll just decide it all, and if I find liability, I can ask certain questions of doctors, and so I'll find out if he has a permanency."

The trial court did not rule on whether Merrill was entitled to vocational rehabilitation benefits. The order stated that a further hearing would be held on his loss of earning capacity and entitlement to vocational rehabilitation services upon application of any party. Merrill was directed to obtain an impairment rating as of December 26, 2000, which was the date he reached maximum medical improvement after the injury of October 6. Merrill was directed to apply for appointment of a vocational counselor if it was determined that he had a permanent impairment. The vocational counselor was then to prepare a report stating Merrill's loss of earning capacity as of December 26, 2000, the date on which he was released from Messer's care and allowed to return to work with no restrictions.

Thus, the trial court did not determine what benefits for permanent impairment or vocational rehabilitation to which Merrill might be entitled at the time Griswold's appealed to the review panel.

■ We have held that generally, when multiple issues are presented to a trial court for simultaneous disposition in the same proceeding and the court decides some of the issues, while reserving some issue or issues for later determination, the court's determination of less than all the issues is an interlocutory order and is not a final order for the purpose of an appeal. *Dawes v. Wittrock Sandblasting & Painting*, 266 Neb. 526, 667 N.W.2d 167 (2003). The trial court reserved for later determination some of the issues presented, i.e., Merrill's permanent impairment and entitlement to vocational rehabilitation benefits relating to the

October 6, 2000, injury. As entered, the trial court's order did not determine all of the issues and was an interlocutory order. Because the trial court's order was not a final order, the review panel did not have jurisdiction to consider it, the Court of Appeals also lacked jurisdiction, and the appeal should have been dismissed. See *Thompson v. Kiewit Constr. Co.*, 258 Neb. 323, 603 N.W.2d 368 (1999).

## CONCLUSION

The trial court's order reserved ruling on the issues of Merrill's permanent impairment, if any, and his entitlement to vocational rehabilitation benefits. The order was not a final order, and the review panel lacked jurisdiction. The Court of Appeals also lacked jurisdiction to review the issues and to enter an award of attorney fees.

The decision of the Court of Appeals is vacated, including the award of attorney fees, and the cause is remanded with directions that the Court of Appeals is to remand the cause to the review panel with instructions to dismiss the application for review for lack of jurisdiction.

JUDGMENT VACATED, AND CAUSE REMANDED WITH DIRECTIONS.