STATE OF NEBRASKA, APPELLEE, V.
AMBER L. MURPHY, APPELLANT.
727 N.W.2d 730

Filed February 27, 2007.   No. A-05-1210.

Sonya K. Koperski, of Leininger, Smith, Johnson, Baack, Placzek, Steele & Allen, for appellant.

Jon Bruning, Attorney General, and Michael B. Guinan for appellee.

INBODY, Chief Judge, and MOORE and CASSEL, Judges.

MOORE, Judge.

## INTRODUCTION

Amber L. Murphy was convicted of distribution of a controlled substance, methamphetamine, following a jury trial in the district court for Hall County and was sentenced to 2 to 4 years' imprisonment. Murphy did not timely perfect an appeal from the original verdict and sentence, but she was subsequently granted the right to file an appeal by the district court, pursuant to a stipulation of the parties. On appeal, Murphy challenges the sufficiency of the evidence to submit the charge to the jury. Because we find that the district court lacked jurisdiction to enter the order allowing Murphy to file an appeal out of time, we dismiss this case for lack of jurisdiction.

## BACKGROUND

The State filed an amended information on January 25, 2005, charging Murphy with two counts of distribution of a controlled substance, methamphetamine, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Supp. 2003). The State later moved to dismiss the first count of the amended information, which motion was granted by the district court. In count II of the information, the State alleged that on September 9, 2003, Murphy did unlawfully and knowingly or intentionally manufacture, distribute, deliver, or dispense methamphetamine, a controlled substance.

A jury trial was held on January 27, 2005. Because the underlying facts of this case are not relevant to our disposition, we omit further discussion of the factual background.

The jury returned a guilty verdict. On March 15, 2005, the district court entered an order sentencing Murphy to a term of incarceration for a period of 2 to 4 years with credit for time served of 1 day. Murphy did not file a notice of appeal within 30 days of the March 15 sentencing order.

In her brief on appeal, Murphy asserts that on July 25, 2005, she filed a motion for postconviction relief due to the failure of her former counsel to file an appeal within the time required by statute. The record before us does not contain Murphy's postconviction motion, but it does contain a stipulation and an order allegedly filed in connection with the postconviction proceeding. The stipulation, filed September 9, states that the parties "stipulate and agree that [Murphy] may file an Appeal in the above-captioned case." The parties also recommended to the court that the appeal bond previously set continue to be in effect. The district court's order, entered September 19, states:

> [T]his matter comes before the Court on a Stipulation of the parties hereto for the filing of an Appeal and that the Appeal Bond previously set in this case . . . remain in effect. Upon due consideration, the Court finds that the Stipulation should be granted.
>
> IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED, AND DECREED BY THE COURT as follows:
>
> 1. [Murphy] is hereby granted 30 days to file an Appeal in this matter.
>
> 2. The Appeal Bond previously set in this case shall remain in effect.
>
> 3. Balance of Post Conviction motion is not adjudicated. JDL

We observe that the third numbered point of the order is handwritten.

On October 11, 2005, Murphy filed a notice of appeal, purporting to appeal from the March 15 sentencing order. This court initially dismissed Murphy's appeal for lack of jurisdiction as having been filed out of time. On January 13, 2006, Murphy

filed a motion for rehearing and sought leave to file a supplemental transcript. On April 21, this court sustained Murphy's motion for rehearing and granted her leave to file a supplemental transcript. The stipulation and order of September 2005 described above are found in the supplemental transcript in this case. In sustaining Murphy's motion for rehearing, we specifically reserved the issue of jurisdiction and ordered the parties to address the issue in their briefs.

## ASSIGNMENT OF ERROR

Murphy asserts that the district court erred in finding that there was sufficient evidence of corroboration to submit the charge regarding the September 9, 2003, incident to the jury.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *State v. Dunlap*, 271 Neb. 314, 710 N.W.2d 873 (2006).

## ANALYSIS

We must first consider whether Murphy has properly perfected her appeal in the present case. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Dunlap, supra.*

It is clear that Murphy did not file a notice of appeal within 30 days of the March 15, 2005, sentencing order. In order to initiate an appeal, a notice of appeal must be filed within 30 days after entry of the judgment, decree, or final order. Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2006). Murphy argues that her trial counsel failed to perfect an appeal from the March 15 sentencing order, that she filed a postconviction action to address this failure, and that she properly perfected the present appeal based on the relief granted by the district court in the postconviction proceeding.

Where a defendant is denied his or her right to appeal because counsel fails to perfect an appeal, the proper vehicle for the defendant to seek relief is through the Nebraska Postconviction Act. *State v. Meers*, 267 Neb. 27, 671 N.W.2d 234 (2003). The power to grant a new direct appeal is implicit in Neb.

Rev. Stat. § 29-3001 (Reissue 1995), and the district court has jurisdiction to exercise such a power where the evidence establishes a denial or infringement of the right to effective assistance of counsel at the direct appeal stage of the criminal proceedings. *State v. Meers, supra.* The court in *State v. Meers* stated:

> When a postconviction claim of ineffective assistance of counsel is based solely upon counsel's failure to perfect an appeal from a conviction, a new direct appeal permits restoration of the convicted defendant's rights and status at the time of counsel's deficient performance by affording the full statutory time to perfect and prosecute a direct appeal while not disturbing the conviction, unless the appeal discloses reversible error.

267 Neb. at 31, 671 N.W.2d at 237.

A defendant obtaining postconviction relief of a new direct appeal must properly appeal from his or her original conviction and sentence based on the grant of such postconviction relief. *State v. McCracken,* 260 Neb. 234, 615 N.W.2d 902 (2000), *abrogated on other grounds, State v. Thomas,* 262 Neb. 985, 637 N.W.2d 632 (2002). The 30-day limit within which the defendant must file his or her new direct appeal commences on the day that such postconviction relief is granted in the district court. *State v. McCracken, supra.*

> Such a procedure allows the appellate court to obtain jurisdiction over the new direct appeal (assuming that the appeal is properly docketed in the appellate court within 30 days of the grant of postconviction relief), while still authorizing district courts to grant appropriate relief when the constitutional defect in the prior proceedings occurred only at the direct appeal stage. The State, of course, maintains its right to appeal the postconviction judgment of the district court.

*Id.* at 245, 615 N.W.2d at 914.

What is required for purposes of the present appeal is evidence that Murphy was awarded postconviction relief of a new direct appeal and evidence that a notice of appeal was filed within 30 days of the grant of such relief. See *State v. McCracken, supra.* The problem in this case is that the record before us is insufficient to establish that the district court was properly exercising its jurisdiction of a postconviction proceeding.

First, the record does not contain Murphy's motion for postconviction relief. Thus, we have no knowledge of the allegations made in the postconviction proceeding. Postconviction proceedings are civil in nature. *State v. Reeves*, 258 Neb. 511, 604 N.W.2d 151 (2000). When an issue as to the subject matter jurisdiction of the original tribunal is apparent on the face of the record, yet the parties fail to raise that issue, it is the duty of a reviewing court to raise sua sponte and determine whether the lower court had the power to enter the judgment or other final order sought to be reviewed. *Greenwalt v. Wal-Mart Stores*, 253 Neb. 32, 567 N.W.2d 560 (1997). Although in Murphy's brief, she asserts that she filed a motion for postconviction relief "due to the failure of her former counsel to file an appeal within the time required by statute," brief for appellant at 1-2, no such motion appears in the record. A party's brief may not expand the evidentiary record. See *R-D Investment Co. v. Board of Equal. of Sarpy Cty.*, 247 Neb. 162, 525 N.W.2d 221 (1995). Thus, the absence of the postconviction motion in our record precludes us from considering, as a proper element of postconviction relief, the district court's order granting Murphy leave to file an appeal.

Second, and perhaps more importantly, the record fails to provide any factual basis for a determination that Murphy was deprived of any constitutional right in her failure to timely pursue a direct appeal. The only record before us regarding the postconviction proceedings is the stipulation of Murphy's counsel and the prosecutor before the district court, which stipulation states only that Murphy "may file an Appeal in the above-captioned case," and the district court's order pursuant to that stipulation purporting to grant "an Appeal in this matter."

The stipulation does not set forth any facts pertaining to a deprivation of constitutional rights; rather, it is purely conclusory. Parties have no right to stipulate as to matters of law, and such a stipulation, if made, will be disregarded. *City of Omaha Human Relations Dept. v. City Wide Rock & Exc. Co.*, 201 Neb. 405, 268 N.W.2d 98 (1978).

Under § 29-3001, the jurisdiction of the district court to grant postconviction relief depends upon the existence of a factual circumstance whereby "there was such a denial or infringement

of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States." The same postconviction statute requires the district court to "make findings of fact and conclusions of law with respect thereto." *Id.* In the case before us, there are no allegations of fact, no stipulations of fact, and no findings of fact showing any such denial or infringement of Murphy's constitutional rights. The stipulation sets forth only the bare conclusory agreement that "an Appeal" be allowed, and the district court's order merely implements that stipulation.

The Nebraska Supreme Court has long held that appellate jurisdiction of the subject matter can only be conferred in the manner provided by statute and cannot be conferred by stipulation of the parties. *State, ex rel. Ayres, v. Amsberry*, 104 Neb. 273, 178 N.W. 822 (1920). An appellate court is not bound by the parties' acquiescence or consent as to whether the district court has entered a final order which would confer jurisdiction upon the appellate court. *Fritsch v. Hilton Land & Cattle Co.*, 245 Neb. 469, 513 N.W.2d 534 (1994). Parties cannot confer subject matter jurisdiction upon a judicial tribunal by consent. See, *Cummins Mgmt. v. Gilroy*, 266 Neb. 635, 667 N.W.2d 538 (2003); *Burkland v. Johnson*, 50 Neb. 858, 70 N.W. 388 (1897). We find that the stipulation was not sufficient to invoke the district court's jurisdiction pursuant to the postconviction statute and constituted an invalid attempt to extend the time for appeal.

Judgments entered by a court without subject matter jurisdiction are void and subject to collateral attack. *Ryan v. Ryan*, 257 Neb. 682, 600 N.W.2d 739 (1999). Because the stipulation of the parties was not sufficient to invoke the district court's subject matter jurisdiction in the postconviction proceeding, the district court's order purporting to grant an appeal is void.

## CONCLUSION

We conclude that Murphy failed to timely invoke appellate jurisdiction and that the district court order based solely upon a conclusory stipulation of the parties without any factual basis, which order purports to grant 30 days to file an appeal, is without jurisdiction and void. Accordingly, we must dismiss the appeal.

APPEAL DISMISSED.