16 Neb. App. 90
BRANDY S. MORALES, APPELLEE,
v.
SWIFT BEEF COMPANY, APPELLANT.
No. A-06-1440.
Court of Appeals of Nebraska.
Filed October 30, 2007.
James D. Hamilton and Amanda A. Dutton, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., for appellant.
Hunter A.H. Campbell, of Campbell Law Office, for appellee.
SIEVERS, CARLSON, and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
Following trial, the trial court entered an award explicitly reserving certain issues for later determination. Swift Beef Company (Swift) nevertheless filed an application for review. Approximately 2 months later, the trial court resolved the remaining issues, and Swift filed a second application for review, which did not restate or incorporate any of the errors contained in the first application. Swift now appeals from the order of remand of the Nebraska Workers' Compensation Court review panel, which refused to consider the errors Swift raised in its first application. Because Swift's first application sought to appeal from an interlocutory order, it was ineffective and did not divest the trial court of jurisdiction. We affirm the decision of the review panel.

BACKGROUND
The parties stipulated that Brandy S. Morales began working for Swift on September 18, 2002. On February 8, 2005, Morales filed a petition in the Workers' Compensation Court seeking benefits and compensation for medical expenses. She alleged that during her employment with Swift, she suffered injuries to her neck and hand as a result of repetitive trauma. On October 26, the court conducted a trial.
On March 2, 2006, the trial court entered an award (March award), which stated:
At the time of trial, there was an argument about [Morales'] average weekly wage. In Exhibit 30, page 2, there is a statement of [Morales'] wages and hours worked. [Swift] added up the hours worked but it is not clear if overtime hours were included or if any holiday pay was included. A further hearing must be held to educate the Court on the parties' positions on how to determine the average weekly wage. It would appear that the hours worked plus overtime should be included at straight time and holiday pay should also be included. For the period ending November 8, 2003, the vacation pay for 40 . . . hours should be included. For the week ending November 15, 2003, perhaps not all of the vacation pay should be included because [Morales] received 40 . . . hours of vacation pay plus 32 . . . hours of straight time. I note that the period ending November 22, 2[0]03, is blank. Perhaps the 40 . . . hours of vacation should have been on that line rather than on the line for November 15, 2003. That would be more consistent because [Morales] did not work the weeks ending November 8, 2003, and November 22, 2003.
On the issue of the amount of temporary benefits, [Morales] is entitled to some temporary benefits but she is not entitled to temporary total benefits from the date of accident until the time of trial. [Swift] is entitled to some relief from payment of temporary total benefits because [Morales] received unemployment benefits and worked for Associated Staffing.
The parties should be prepared to argue and submit additional evidence as to the period of temporary benefits and the amount thereof.
A further hearing will be held on March 8, 2006,. . . to determine [Morales'] average weekly wage and the amount and period of temporary benefits.
[Morales] has not yet reached maximum medical recovery. . . .
Payment of attorney's fees will be decided after determination of average weekly wage and period of weekly benefits.
The court gave Swift credit for payments it had made on medical bills and ordered Swift to pay certain medical expenses along with future medical care expenses.
On March 16, 2006, Swift filed an application for review of the March award and assigned 17 errors. Swift assigned error to, among other things, the court's failure to make a finding on Morales' average weekly wage and entitlement to temporary disability benefits based upon the evidence presented at the time of trial, the court's ordering further hearing on Morales' average weekly wage and temporary benefits following the trial, and the court's failure to find that Morales was not entitled to attorney fees based upon the evidence presented at trial.
The hearing scheduled for March 8, 2006, was continued to March 17 and then ultimately held on April 11. Counsel for Swift objected "to proceeding with the hearing for average weekly wage" and asserted that the issue should have been decided based upon exhibit 30, the evidence on wages that Swift offered at the initial trial. Exhibit 30 showed 909 hours, and counsel for Swift and Morales agreed that was the proper calculation. The court stated it would use exhibit 30 for an average weekly wage of $379.79, and the court then gave counsel an opportunity to argue about whether unemployment benefits earned by Morales affected the average weekly wage. The court did not receive any additional evidence at the April 11 hearing.
On May 17, 2006, the trial court entered an order (May order) which addressed Morales' average weekly wage and entitlement to temporary benefits. The court determined Morales' average weekly wage to be $379.79, entitling her to $253.20 per week for temporary total benefits. The order stated that Morales received unemployment benefits from March 1 through June 30, 2004, and that during that period, she was entitled to $109.86 per week for temporary partial benefits. The court ordered Swift to pay the temporary benefits set forth in the order and ordered that the March award "is supplemented to show the above temporary benefits."
On May 30, 2006, Swift filed an application for review, assigning as error only the court's finding that Swift was to pay the temporary benefits set forth in the May order. Also on May 30, Swift filed a motion to consolidate the March 16 and May 30 applications for review. On June 13, following a hearing on the same date, a judge of the Workers' Compensation Court different from the trial judge entered an order consolidating the two applications for review.
On November 16, 2006, the review panel entered its order of remand on review. The review panel found that the March award was interlocutory, stated that it regarded the March 16 application for review as a nullity, and determined that the only application properly before it was the May 30 application for review which set forth a single assignment of error. The review panel noted a conflict between the trial court's two orders regarding temporary benefits and remanded the matter to the trial judge for a reasoned decision solely concerning the award of benefits in the May order.
Swift timely appeals to this court.

ASSIGNMENTS OF ERROR
Swift assigns 18 errors on appeal. Swift alleges, consolidated and restated, that the review panel erred in (1) failing to find the March award was a final, appealable order; (2) finding that Swift's March 16, 2006, application for review was a nullity and failing to consider the assignments of error contained therein; and (3) failing to find that the trial court had been divested of jurisdiction following the March 16 filing of the application for review, rendering the trial court's April 11 hearing a nullity.
Swift alleges, consolidated and restated, that the trial court committed plain error in (1) finding that Morales suffered bilateral carpal tunnel syndrome as a result of a work-related accident, (2) finding that Morales suffered an injury to her neck as a result of a work-related accident, (3) admitting into evidence unsigned medical records over Swift's objection, (4) failing to dismiss the petition for failure of proof, (5) failing to make a finding on Morales' average weekly wage based upon the evidence presented at the time of trial and ordering a further hearing on this issue, (6) failing to make findings with regard to Morales' entitlement to benefits for temporary disability based upon the evidence presented at the time of trial and ordering a further hearing on this issue, (7) finding that Morales was entitled to temporary disability benefits, (8) finding that Morales was entitled to past and future medical benefits for her alleged bilateral carpal tunnel syndrome and neck injury, (9) failing to pass on the issue of whether a reasonable controversy existed, and (10) failing to make a finding on attorney fees based upon the evidence presented at the time of trial.

STANDARD OF REVIEW
[1] Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 2004), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. Olivotto v. DeMarco Bros. Co., 273 Neb. 672, 732 N.W.2d 354 (2007).
[2] In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the trial judge who conducted the original hearing. Id.

ANALYSIS

Whether March Award Was Final, Appealable Order.
[3,4] Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case. Merrill v. Griswold's, Inc., 270 Neb. 458, 703 N.W.2d 893 (2005). Generally, when multiple issues are presented to a trial court for simultaneous disposition in the same proceeding and the court decides some of the issues, while reserving some issue or issues for later determination, the court's determination of less than all the issues is an interlocutory order and is not a final order for the purpose of an appeal. Id. The March award stated that a further hearing would be held to determine average weekly wage, period of temporary benefits, and attorney fees. Because the March award explicitly reserved certain issues for determination following a later hearing, it was clearly an interlocutory order.
Swift argues that the March award was a final order because the issues reserved for later hearing were ripe for adjudication. Swift contends that the trial court's failure to pass on the issues in order to allow Morales to present additional evidence was tantamount to a finding that Morales failed to meet her burden of proof on the issue. Swift further argues that it had to appeal from the March award in order to preserve an objection to the court's reserving certain issues for a later resolution.
During the initial trial, Swift offered exhibit 30, the only exhibit on Morales' wages. Morales' counsel stated that Morales would testify that she earned $10.50 an hour working a 40-hour week. As the trial court tried to get the parties to agree on average weekly wage, Swift's counsel stated, "[Swift] would ask for leave, Your Honor, to submit a late exhibit that would reflect the stipulation of the parties on average weekly wage." The court responded, "I'll give you a date where you've got to come and you can submit an exhibit where you'll agree. That's what will happen." Swift did not object at that time to a later hearing, but Swift did object at the beginning of the April hearing. Morales did not present any additional evidence at the April hearing, and the court's finding regarding average weekly wage was ultimately based upon exhibit 30. Under these circumstances, any error in reserving a determination on average weekly wage was harmless. Swift's challenge to the propriety of the court's reserving certain issues for later determination would properly have been raised in an appeal from the May order, which order disposed of all claims and was a final, appealable order.

Whether Trial Court Was Divested of Jurisdiction.
[5,6] Swift argues that the trial court did not have jurisdiction to hold a subsequent hearing or enter a later order following Swift's March 16, 2006, application for review. In support of its argument, Swift cites to Swain Constr. v. Ready Mixed Concrete Co., 4 Neb. App. 316, 542 N.W.2d 706 (1996), where this court determined that the trial court lacked jurisdiction to enter an order dismissing the plaintiff's petition while plaintiff's appeal from a nonfinal order sustaining defendant's demurrer was still before this court. Although the Nebraska Supreme Court has not expressly overruled Swain Constr., in Holste v. Burlington Northern RR. Co., 256 Neb. 713, 592 N.W.2d 894 (1999), the Supreme Court noted that the rule in Swain Constr. differed from the rule adopted by a number of jurisdictions and from its decision in Doolittle v. American Nat. Bank of Omaha, 58 Neb. 454, 78 N.W. 926 (1899). The Holste court proceeded to hold that a notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal by the appellate court. That holding has been reaffirmed by the Supreme Court in Nebraska Nutrients v. Shepherd, 261 Neb. 723, 626 N.W.2d 472 (2001); In re Guardianship & Conservatorship of Woltemath, 268 Neb. 33, 680 N.W.2d 142 (2004); and In re Guardianship of Sophia M., 271 Neb. 133, 710 N.W.2d 312 (2006), and we are bound to follow it. A party may appeal from a court's order only if the decision is a final, appealable order. Merrill v. Griswold's, Inc., 270 Neb. 458, 703 N.W.2d 893 (2005). Because the March award was not an appealable order, Swift's appeal from that order did not deprive the trial court of jurisdiction. This assignment of error is without merit.

Whether Review Panel Erred in Failing to Address Assignments of Error in First Application for Review After It Consolidated Appeals.
[7,8] Swift argues that the review panel erred in failing to address the 17 assignments of error contained in the March 16, 2006, application for review. Swift claims that the parties stipulated to consolidation of the appeals, but the record does not support this assertion and Morales denies any such stipulation in her brief. Appellate jurisdiction of the subject matter can only be conferred in the manner provided by statute and cannot be conferred by stipulation of the parties. State v. Murphy, 15 Neb. App. 398, 727 N.W.2d 730 (2007). Neb. Rev. Stat. §§ 48-179 (Cum. Supp. 2006) and 48-182 (Reissue 2004) each provide for the filing of an application for review within 14 days of a final order of the workers' compensation court. Appellate jurisdiction cannot be conferred by filing an application for review from an interlocutory order; Swift's March 16 application for review was of no effect. The only application for review filed within 14 days of a final order was the May 30 application for review, and the error contained therein was the only error properly before the review panel.
We cannot discern any reason preventing Swift from simply restating the same errors raised in its first application for review in its second application. Swift cannot claim to have acted in reliance upon the order consolidating the applications for review because that order was filed nearly 2 weeks after Swift filed its second application for review. The review panel ultimately found in its order of remand that Swift's first application for review was taken from an interlocutory order and was a nullity. We agree.

Plain Error.
[9] Finally, Swift alleges that the trial court committed plain error in a multitude of respects. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. Miller v. Commercial Contractors Equip., 14 Neb. App. 606, 711 N.W.2d 893 (2006). After reviewing the record, we found no error so prejudicial that to leave it uncorrected would cause a miscarriage of justice.

CONCLUSION
We conclude that the trial court's March award was not a final order and that Swift's application for review from that award was of no effect and did not divest the trial court of jurisdiction. The errors asserted solely in the first application, which was a nullity, were not repeated or incorporated in the second application, which was the only appeal sufficient to confer jurisdiction upon the review panel. The parties cannot confer subject matter jurisdiction by stipulation. Finding no plain error, we affirm the review panel's decision.
AFFIRMED.