743 N.W.2d 383 (2007)
16 Neb. App. 267
Jerome G. HEPPLER, Appellee,
v.
OMAHA CABLE, INC., Appellant.
No. A-07-365.
Court of Appeals of Nebraska.
December 18, 2007.
*386 Jeffrey A. Silver, Omaha, for appellant.
Brett McArthur and Martin G. Cahill, Dakota City, for appellee.
INBODY, Chief Judge, and CARLSON and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
Omaha Cable, Inc., ceased paying temporary total disability benefits to Jerome G. Heppler after making 300 weeks of payments. The trial court overruled Heppler's motion to compel payment of temporary total disability benefits and his motion for penalties and attorney fees. The review panel reversed, ordering the temporary total disability benefits to continue and awarding Heppler $2,500 in attorney fees. Omaha Cable appeals, arguing that Heppler's entitlement to temporary total disability payments ceased after 300 weeks and that Heppler should not have been awarded attorney fees. We conclude that under Neb.Rev.Stat. § 48-121(1) (Reissue 2004), the entitlement to temporary total disability benefits is not limited to 300 weeks. Because Heppler obtained an increase in benefits upon his application for review, the award of attorney fees was appropriate. We therefore affirm the decision of the review panel.

BACKGROUND
Heppler suffered a back injury in an accident arising out of and in the course of his employment with Omaha Cable. In its November 2004 award, the trial court found that Heppler was temporarily totally disabled during certain specified periods of time and that he remained temporarily totally disabled. The court ordered Omaha Cable to pay Heppler $487 per week for 187 weeks of temporary total disability, and a like sum each week for so long as Heppler remained temporarily totally disabled. The award also provided, "If [Heppler's] total disability ceases, he shall be entitled to the statutory amounts of compensation for any residual permanent partial disability or loss of earning capacity due to this accident and injury." Omaha Cable appealed to the review panel, which affirmed the trial court's award. On further appeal to this court, the decision of the review panel was affirmed in a memorandum opinion filed December 5, 2005, in case No. A-05-644.
*387 At some time, Heppler filed a motion to compel payment of temporary total disability benefits and attorney fees. This motion was not made a part of the record on appeal. On June 14, 2006, the trial court held a hearing. Heppler's counsel represented to the court that Heppler was still temporarily totally disabled. The trial court requested confirmation that no application for modification of the award had been filed. Heppler's counsel expressly confirmed that fact, and counsel for Omaha Cable did not disagree. Counsel for Omaha Cable stated that after the November 2004 award, Omaha Cable issued a check for 159 weeks of benefits totaling $77,433, which would bring Heppler up to his 300 weeks of benefits. On July 11, the trial court overruled Heppler's motion to compel payment of temporary total disability benefits and attorney fees and his motion for penalties and attorney fees. On July 19, Heppler filed an application for review.
On March 9, 2007, the review panel entered an order of reversal and remand on review. The order stated that Omaha Cable had not filed an application to modify and remained liable for weekly temporary total disability benefits. We digress to note that notwithstanding the review panel's recitation that Omaha Cable had not filed an application to modify, the record does show that an application to modify had been filed on January 8, 2007. Obviously, based upon the date of filing, the trial court did not consider or take action upon the application to modify. The merits of such application are not before us in the instant appeal. The review panel concluded that the trial court erred in denying Heppler's request for attorney fees and penalties, and it remanded the matter to the trial court for a determination of the same. The review panel reasoned that the trial court did not need to enter an order for continued payment of disability benefits because Omaha Cable was still obligated under the initial award to make such payments. Finally, the review panel awarded Heppler $2,500 in attorney fees because he appealed and received an increase in the award.
Omaha Cable timely appeals.

ASSIGNMENTS OF ERROR
Omaha Cable alleges that the review panel erred in (1) finding that Heppler was entitled to temporary total disability benefits beyond 300 weeks and (2) awarding attorney fees.

STANDARD OF REVIEW
Pursuant to Neb.Rev.Stat. § 48-185 (Reissue 2004), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is no sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. Davis v. Crete Carrier Corp., 274 Neb. 362, 740 N.W.2d 598 (2007).
Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. Id. An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. Id.

ANALYSIS

Jurisdiction.
Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues *388 presented by a case. Merrill v. Griswold's, Inc., 270 Neb. 458, 703 N.W.2d 893 (2005). Omaha Cable argues that the July 11, 2006, order was not a final order and that thus, the review panel lacked jurisdiction.
A party may appeal from a court's order only if the decision is a final, appealable order. Merrill v. Griswold's, Inc., supra. Final orders include an order affecting a substantial right made during a special proceeding. See Neb.Rev.Stat. § 25-1902 (Reissue 1995). Special proceedings include workers' compensation cases. See Pfeil v. State, 273 Neb. 12, 727 N.W.2d 214 (2007).
The trial court's July 11, 2006, order overruled Heppler's motion to compel payment of temporary total disability benefits and attorney fees and his motion for penalties and attorney fees. The order eliminated Heppler's claims to temporary total disability benefits in excess of 300 weeks, to penalties, and to attorney fees. We conclude the order affected a substantial right and was a final, appealable order.

Entitlement to Temporary Total Disability Benefits.
Omaha Cable contends that § 48-121 provides for a maximum of 300 weeks of payments for temporary total disability. Upon that belief, Omaha Cable ceased payments after paying a lump sum amount representing the remainder of 300 weeks of payments. We conclude such action was improper for two reasons. First, as a general rule, an employer may not unilaterally terminate a workers' compensation award of indefinite temporary total disability benefits absent a modification of the award of benefits. Davis v. Crete Carrier Corp., supra. Second, as discussed below, Heppler's entitlement to temporary total disability benefits is not limited to 300 weeks.
Section 48-121 states in part:
The following schedule of compensation is hereby established for injuries resulting in disability:
(1) For total disability, the compensation during such disability shall be sixty-six and two-thirds percent of the wages received at the time of injury, but such compensation shall not be more than the maximum weekly income benefit specified in section 48-121.01 nor less than the minimum weekly income benefit specified in section 48-121.01, except that if at the time of injury the employee receives wages of less than the minimum weekly income benefit specified in section 48-121.01, then he or she shall receive the full amount of such wages per week as compensation. Nothing in this subdivision shall require payment of compensation after disability shall cease.
(2) For disability partial in character, except the particular cases mentioned in subdivision (3) of this section, the compensation shall be sixty-six and two-thirds percent of the difference between the wages received at the time of the injury and the earning power of the employee thereafter, but such compensation shall not be more than the maximum weekly income benefit specified in section 48-121.01. This compensation shall be paid during the period of such partial disability but not beyond three hundred weeks. Should total disability be followed by partial disability, the period of three hundred weeks mentioned in this subdivision shall be reduced by the number of weeks during which compensation was paid for such total disability.
The only reference to 300 weeks is found in § 48-121(2), which addresses partial disability, and there is no similar limitation in *389 § 48-121(1), the subsection governing total disability. To the extent Omaha Cable may be arguing that when the statutes are read together the 300-week limitation should be read into § 48-121(1), we reject such an assertion. For many years, § 48-121(1) mentioned 300 weeks. For example, § 48-121(1) (Reissue 1952) reads in part:
For the first three hundred weeks of total disability, the compensation shall be [a specified percentage of wages, with the minimum and maximum amounts set forth]. After the first three hundred weeks of total disability, for the remainder of the life of the employee, he shall receive [a specified percentage of wages, with the minimum and maximum amounts set forth]. Nothing in this subdivision shall require payment of compensation after disability shall cease. Should partial disability be followed by total disability, the period of three hundred weeks mentioned in this subdivision of this section shall be reduced by the number of weeks during which compensation was paid for partial disability.
Section 48-121(2) (Reissue 1952), on the other hand, is substantially the same as the current version: the only difference is that the older statute provided for maximum compensation of $26 per week. The striking of the 300-week language from § 48-121(1), see 1973 Neb. Laws, L.B. 193, but not from § 48-121(2), evidences the Legislature's intent to eliminate such limitation upon benefits for total disability.
Omaha Cable argues "a fair and reasonable interpretation is that § 48-121(1) addresses the issue of permanent total disability only." Brief for appellant at 9. Appellate courts give statutory language its plain and ordinary meaning and will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. Knapp v. Village of Beaver City, 273 Neb. 156, 728 N.W.2d 96 (2007). It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute. State v. Warriner, 267 Neb. 424, 675 N.W.2d 112 (2004). If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. Turco v. Schuning, 271 Neb. 770, 716 N.W.2d 415 (2006). The language of § 48-121(1) (Reissue 2004) is clear, and we will not read the word "permanent" into the statute when such word is plainly not there.
"Temporary" and "permanent" refer to the duration of disability, while "total" and "partial" refer to the degree or extent of the diminished employability or loss of earning capacity. Rodriguez v. Hirschbach Motor Lines, 270 Neb. 757, 707 N.W.2d 232 (2005). Temporary total disability benefits are a species of total disability benefits. See Sheldon-Zimbelman v. Bryan Memorial Hosp., 258 Neb. 568, 604 N.W.2d 396 (2000). Because the disability at issue in the instant case is a temporary total disability, § 48-121(1) is applicable. We hold that the 300-week limitation found in § 48-121(2) does not apply to benefits for temporary total disability awarded under § 48-121(1).
Temporary disability ordinarily continues until the claimant is restored so far as the permanent character of his or her injuries will permit. Rodriguez v. Hirschbach Motor Lines, supra. Compensation for temporary disability ceases as soon as the extent of the claimant's permanent disability is ascertained. Id. The initial award ordered Omaha Cable to pay $487 per week in temporary total disability "for so long as [Heppler] remains temporarily totally disabled." At the June 14, 2006, *390 hearing, Heppler's counsel informed the trial court that Heppler was still temporarily totally disabled, and there is no evidence to the contrary. Accordingly, under the initial award, Heppler's entitlement to temporary total disability benefits continues.

Award of Attorney Fees.
The review panel awarded Heppler $2,500 in attorney fees because he appealed and received an increase in the award. Neb.Rev.Stat. § 48-125(2) (Cum. Supp.2006) provides in pertinent part:
If the employee files an application for a review before the compensation court from an order of a judge of the compensation court denying an award and obtains an award or if the employee files an application for a review before the compensation court from an award of a judge of the compensation court when the amount of compensation due is disputed and obtains an increase in the amount of such award, the compensation court may allow the employee a reasonable attorney's fee to be taxed as costs against the employer for such review, and the Court of Appeals or Supreme Court may in like manner allow the employee a reasonable sum as attorneys fees for the proceedings in the Court of Appeals or Supreme Court.
Omaha Cable argues that the award of attorney fees was improper, because "Heppler did not obtain an increase in the amount of such award, but rather was entitled to continue to receive the identical benefits originally awarded." Brief for appellant at 11-12. Although we agree that the effect of the review panel's order was to continue the obligations under the initial award, Omaha Cable's argument ignores the trial court's order from which Heppler filed the application for review.
On July 11, 2006. the trial court overruled Heppler's motion to compel payment of temporary total disability benefits and attorney fees and his motion for penalties and attorney fees. The court's order effectively limited Heppler's entitlement to temporary total disability benefits to 300 weeks. Heppler filed an application for review from that order, and the review panel determined that there was no such limitation on the number of weeks that payments are to be made and that Omaha Cable continued to be under the initial award's obligation to pay Heppler temporary total disability benefits. Because Heppler obtained an increase on review, he was entitled to attorney fees. This assignment of error lacks merit.

CONCLUSION
We conclude that under § 48-121(1), a worker's entitlement to temporary total disability benefits is not capped at 300 weeks. We affirm the decision of the review panel in all respects.
AFFIRMED.