## KIMBALL *v.* KIMBALL.

The divorce jurisdiction is not enlarged by c. 14, Laws of 1883.

LIBEL FOR DIVORCE. The petition alleges the marriage of the parties in New Hampshire in 1870, and their residence together in New Hampshire until August, 1883, since which time the plaintiff has resided and now resides in Massachusetts. The defendant has continued to reside in this state. The libel was filed in February, 1885, and charges adultery committed in this state as the cause of divorce. The defendant moved that the libel be dismissed for want of jurisdiction, because the plaintiff at the time it was filed resided out of the state.

*I. L. Heath*, for the plaintiff.

*Norris & Foster* and *Sulloway, Topliff & O'Connor*, for the defendant.

BINGHAM, J. Chapter 14, Laws of 1883, is entitled "An act to prevent fraudulent divorces." The first section provides that "The jurisdiction of the courts of this state, in suits for divorce, shall be confined to the following classes [of cases]:

"1. Where both parties were domiciled within this state when the action was commenced.

"2. Where the plaintiff was domiciled within this state when the action was commenced, and the defendant was personally served with process within this state.

"3. Where one of the parties was domiciled within this state when the action was commenced, and one or the other of them actually resided within this state for one year next preceding the commencement of the action."

The manifest object was to prevent fraudulent divorces by confining the jurisdiction to cases in which both parties are domiciled here when the action is commenced, and cases in which one of the parties is domiciled here and some other specified requisite is complied with. If the act had stopped here there would have been strong reason to think the legislature did not intend the former jurisdiction should be enlarged. But to preclude all doubt on that point the second section was added, expressly providing that the act should not have the effect to diminish the time of residence or domicile required before the act was passed. The evident belief was, that fraudulent divorces had been or might be obtained through the want of a requirement of the domicile or residence prescribed by the act; and the evident intent was, to cure the supposed statutory defect. The existing cause of divorce mentioned in the second section is an abstract cause prescribed by existing law, and not a right of divorce that had in fact accrued to a party in a particular instance. The second section guards against an enlargement of jurisdiction.

*Libel dismissed.*

ALLEN J., did not sit : the others concurred.