Hillsborough, }
April 1, 1902. }

BURGESS *v.* BURGESS.

The court of this state has no jurisdiction of an action for divorce instituted by a non-resident.

Whenever it appears that a court has no jurisdiction of the subject-matter of a suit, the proceeding will be dismissed even if no objection is made.

LIBEL FOR DIVORCE. One of the causes alleged was adultery committed when both parties were domiciled and resident in this state. At the time of filing the libel the libelant was a resident of Massachusetts, where he has lived since 1893. The libelee since 1893 has lived in Nashua in this county, where the parties lived together before 1893. The libel was filed February 19, 1900. At the September term, 1901, of the superior court, upon the defendant's motion, the libel was dismissed by *Pike*, J., because the plaintiff resided out of the state at the time it was filed, and the plaintiff excepted.

*Henry B. Atherton*, for the plaintiff.

*Hamblett, Eaton & Spring*, for the defendant.

*Per Curiam.* The question in this case was decided in 1885, in *Kimball* v. *Kimball*, 63 N. H. 598, and the construction then put upon the statute in question ( Laws 1883, *c.* 14 ) was adopted by the legislature in 1891 by re-enactment without change. P. S., *c.* 175, *s.* 3 ; *Parsons* v. *Durham*, 70 N. H. 44, 45. Consent cannot confer jurisdiction where none exists. Whenever it appears that a court has no jurisdiction of the subject-matter of the suit, the proceeding is dismissed even if no objection is made. See *Weeks* v. *Fowler*, *ante*, *p.* 221.

*Exception overruled.*