Coös,                }
April 2, 1912.  }

### SHATNEY *v.* SHATNEY.

The court of this state does not have jurisdiction of an action for divorce instituted by a non-resident for a cause which arose here.

Under section 5, chapter 175, Public Statutes, a divorce may be granted to an innocent, non-resident libelee who prays for such relief in an answer and establishes the libelant's guilt.

LIBEL FOR DIVORCE.   After the defendant had begun proceedings for divorce on the ground of desertion, the plaintiff filed this libel, in which she describes herself as a resident of Maine, charges her husband with extreme cruelty, and prays for a divorce, alimony, and the custody of their minor children.   She admits that she left her husband, but says that he drove her away.   At the September

.term, 1911, of the superior court, the libel was dismissed by *Pike,* J., for want of jurisdiction, and the plaintiff filed a bill of exceptions.

*Libby & Coulombe,* for the plaintiff.

*Leon D. Ripley* and *Thomas F. Johnson,* for the defendant.

YOUNG, J.   The matter in issue in a cause of this kind is the *status* of the parties (*Ditson* v. *Ditson,* 4 R. I. 87), and the only jurisdiction the court has of such a cause is that conferred upon it by statute.   *Parsons* v. *Parsons,* 9 N. H. 309, 317.   Consequently, the test to determine whether it has jurisdiction of the plaintiff's libel is to inquire whether the allegations are sufficient to bring it within the provisions of sections 3 and 4, chapter 175, Public Statutes.   As those sections have been construed, the libelant must be a resident of this state at the time the libel is filed.   *Kimball* v. *Kimball,* 63 N. H. 598.   The facts that the defendant is such a resident and that the cause of divorce arose here are not sufficient to give the court jurisdiction.   *Burgess* v. *Burgess,* 71 N. H. 293.

Although the court did not err in dismissing the plaintiff's libel, it does not follow that it could not have given her the relief for which she prays, if her libel had been filed as an answer to the defendant's; for at the time his libel was filed he was and for more than a year had been a resident of this state.   His residence gave the court jurisdiction of his *status,* notwithstanding the plaintiff was a non-resident (*Sworoski* v. *Sworoski,* 75 N. H. 1); and when it has such jurisdiction, the statute provides that it shall grant the divorce, not to the libelant if he is innocent, but to the innocent party.   P. S., c. 175, s. 5.   That is, the statute provides that the divorce shall be given to a libelee who asks for it, when the libelee is and the libelant is not an innocent party.

There is nothing to show that it would be inequitable to permit the plaintiff to file her libel as an answer to the defendant's; and if the court permits that to be done and finds that she is the innocent party within the meaning of section 5, chapter 175, Public Statutes, it will give her a divorce and make such orders in relation to alimony and the custody, maintenance, and education of the minor children as may be just.   P. S., c. 175, ss. 13–18.

*Case discharged.*

All concurred.