Hillsborough,
No. 6455.

JEAN PORTER *v.* DAVID EDWARD PORTER.

November 3, 1972.

*New Hampshire Legal Assistance (Mr. Richard N. Ross* orally) for the plaintiff.

GRIMES, J. The issue here is the constitutionality of that part of RSA 458:5 which requires as a condition of jurisdiction that the plaintiff in a divorce action be domiciled within the State for one year if the defendant is neither domiciled here nor served with process within the State.

Plaintiff filed a libel for divorce, sworn to on May 9, 1972, in which she alleged that she had resided within the State since October 31, 1971. She further alleged that the residence of her husband was unknown but that his last known address was at a given address in California and gave the name and address of his brother, also in California. As a cause for divorce, she alleged that "irreconcilable differences between the parties have caused the irremediable breakdown of the marriage". The libel was dismissed subject to exception on

May 16, 1972, by *Loughlin,* J., who transferred two questions of law: 1) Whether the equal protection and due process clauses of the fourteenth amendment to the Constitution of the United States require that service by publication be permitted when the libelant has been domiciled in New Hampshire for less than one year and the whereabouts of the defendant are unknown, and 2) whether the same constitutional provisions render invalid RSA 458:5 requiring the libelant to be domiciled here for one year preceding commencement of an action for divorce.

We answer both questions in the negative. Plaintiff's reliance upon a series of federal cases is, we think, misplaced. In *Boddie* v. *Connecticut,* 401 U.S. 371, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971), the Supreme Court of the United States held that since the marriage relationship, unlike other legal relationships, could be dissolved only by the State, Connecticut could not bar an indigent from access to such means as it has prescribed for such dissolution because of inability to pay a filing fee and other costs.

In *Shapiro* v. *Thompson,* 394 U.S. 618, 22 L. Ed. 2d 600, 89 S. Ct. 1322 (1969), the Supreme Court ruled unconstitutional a requirement that to be eligible for welfare benefits, an applicant was required to have resided in the State for a specified period. The burden on the right to travel and the extreme importance of the benefits to the applicant's very existence were important considerations. Also, the purpose of the statute was to deter indigents from entering the State, which could show no compelling State interest which was served by the requirement. The same result was reached by the Court in *Dunn* v. *Blumstein,* 405 U.S. 330, 31 L. Ed. 2d 274, 92 S. Ct. 995 (1972), which involved minimum residence requirements for voting.

It appears to us that the considerations present in the above three cases are quite different than those involved in the case before us. In *Boddie,* the Court was concerned with an invidious discrimination against indigents who, because of their inability to pay court fees, were deprived of the only means available to them to dissolve the marriage relationship. In *Shapiro,* the Court was dealing with benefits upon which the person depended for his very existence, and in *Dunn*

with a fundamental right (voting) which would be completely denied during the qualifying period and which when denied at a particular election could never be regained. Here, we are dealing with neither a fundamental right which is forever lost if the residence requirements are not met nor with a benefit needed immediately for survival of the plaintiff. We deal rather with a requirement of the court's jurisdiction to grant a divorce.

RSA 458:4 provides that "[j]urisdiction of the court to grant divorce is limited to cases where there is jurisdiction over the parties and of the alleged cause as defined in the two succeeding sections." The domicile requirements have been held to relate to the jurisdiction of the court which cannot be conferred by consent. *Burgess* v. *Burgess,* 71 N.H. 293, 51 A. 1074 (1902). Since divorce is purely statutory, the court would have no jurisdiction to affect the marriage relation if the statutory requirements of domicile are not met.

New Hampshire does not deny access to its courts to residents who have not resided here for one year or more. It simply does not give the superior court jurisdiction to grant a divorce in those circumstances unless personal service is made on the defendant within the State or both are domiciled here. This court cannot give jurisdiction to the superior court to grant divorces, and if RSA 458:5(III) were to be declared unconstitutional, there would be no jurisdiction to grant a divorce unless personal service was made on a nondomiciled defendant within the State no matter how long plaintiff was domiciled here. RSA 458:5(II).

The purpose of the disputed provision is not to punish plaintiff nor to discourage persons from moving to this State, but rather serves several compelling State interests, not the least important of which is to protect nondomiciled defendants from unscrupulous spouses seeking divorce far from the matrimonial domicile. *See* Uniform Divorce Recognition Law, RSA ch. 459. This is obvious from the fact that it is only when defendants are neither domiciled here nor served with process within the State that any durational residence requirments are imposed. The dissolution of the marriage relation can result in irreparable injury to a defendant who either does not receive notice or because of distance and

other factors is unable to appear to defend himself. This State, therefore, has an interest in withholding jurisdiction from its courts to grant a divorce under such circumstances until and unless the marital status of the plaintiff has become, by the duration of residency, of concern to this State. Our statute, therefore, is quite different than those which require durational residence for all plaintiffs in divorce actions regardless of the domicile or whereabouts of the defendant. *Cf. Wymelenberg* v. *Syman,* 328 F. Supp. 1353 (E.D. Wis. 1971). We conclude that RSA 458:5 is not unconstitutional.

*Exception overruled.*

Kenison, C.J., did not sit; the other concurred.