NANCY LEE ASHLEY, APPELLANT, v. JAMES VAN ASHLEY, APPELLEE.

217 N. W. 2d 926

Filed May 16, 1974, No. 39287.

Stephen R. McCaughey and Steven Swihart, for appellant.

No appearance for appellee.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for Attorney General of Nebraska.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an action for the dissolution of a marriage. The petition alleged the defendant was a resident of Kansas and the plaintiff had been a resident of Nebraska for 2 weeks.

Section 42-349, R. S. Supp., 1972, provides in part: "No action for dissolution of marriage may be brought unless at least one of the parties has had actual residence in this state with a bona fide intention of making this state his permanent home for at least one year prior to the filing of the petition, or unless the marriage was solemnized in this state and either party has resided in this state from the time of marriage to filing the petition."

The petition sought a declaration that section 42-349, R. S. Supp., 1972, was unconstitutional in that it amounted to a penalty and a restraint upon the plaintiff's right to travel and denied the plaintiff due process and equal protection of law. A general demurrer filed by the Attorney General, pursuant to section 25-21,159, R. R. S. 1943, was sustained and the action dismissed. The plaintiff appeals.

The sole question presented by the appeal is the constitutionality of the durational residency requirement of the Nebraska divorce law. There is a substantial division of authority concerning the validity of such statutes. Similar statutes have been held valid in Davis v. Davis (Minn., 1973), 210 N. W. 2d 221; Coleman v. Coleman, 32 Ohio St. 2d 155, 291 N. E. 2d 530; Sosna v. State of Iowa, 360 F. Supp. 1182; Porter v. Porter, 112 N. H. 403, 296 A. 2d 900; Place v. Place, 129 Vt. 326, 278 A. 2d 710; Shiff-

man v. Askew, 359 F. Supp. 1225; Caizza ·v. Caizza (Fla. Sup. Ct.) 42 L. W. 2511; Stottlemyer v. Stottlemyer, 224 Pa. Super. 123, 302 A. 2d 830. Other statutes have been held invalid in Wymelenberg v. Syman, 328 F. Supp. 1353; Mon Chi Heung Au v. Lum, 360 F. Supp. 219; Larsen v. Gallogly, 361 F. Supp. 305; Fiorentino v. Probate Court (Mass. Sup. Jud. Ct.), 42 L. W. 2540. Both the Sosna case and the Larsen case are pending on appeal in the United States Supreme Court. Probable jurisdiction in the Sosna case was noted on February 19, 1974. 42 L. W. 3457.

It is fundamental that jurisdiction in a divorce proceeding ordinarily depends upon domicile. Williams v. North Carolina, 325 U. S. 226, 65 S. Ct. 1092, 89 L. Ed. 1577, 157 A. L. R. 1366. To insure the integrity of its judicial proceedings, Nebraska has a compelling state interest in ascertaining the domicile of parties who seek a dissolution of marriage in its courts. The problem is whether a durational residency statute is a reasonable method of assuring that at least one of the parties is domiciled in the state. It may well be that a durational residency statute is the least restrictive manner of determining domicile. Coleman v. Coleman, *supra*.

In Davis v. Davis, *supra*, the Minnesota Supreme Court relied in part upon Vlandis v. Kline, 412 U. S. 441, 93 S. Ct. 2230, 37 L. Ed. 2d 63. The Vlandis case involved a durational residency statute relating to university tuition. The majority opinion in Vlandis stated the decision should not be construed to deny a state the right to impose "a reasonable durational residency requirement" as one element to demonstrate bona fide residence. A 1-year residence requirement for such purpose has been approved. See Starns v. Malkerson, 326 F. Supp. 234, affirmed, 401 U. S. 985, 91 S. Ct. 1231, 28 L. Ed. 2d 527; Sturgis v. Washington, 368 F. Supp. 38, affirmed, 414 U. S. 1057, 94 S. Ct. 563, 38 L. Ed. 2d 464.

The Nebraska statute does not deny all forms of marital relief to parties who cannot satisfy the residency re-

quirement. By a petition for legal separation a party can obtain any relief that is merited short of divorce. After the residency requirement has been satisfied, dissolution of the marriage may be requested by amendment. § 42-350, R. S. Supp., 1972. The only effect of the residency requirement is to delay the dissolution of marriage in some cases. Divorce itself is not a constitutional right or a basic necessity to survival.

We conclude section 42-349, R. S. Supp., 1972, is valid. The judgment of the District Court is affirmed.

AFFIRMED.

McCOWN, J., dissenting.

The issue here is not limited to whether or not Nebraska has the right to impose a durational residency requirement of 1 year as a method of determining domicile for purposes of jurisdiction in a divorce proceeding. The Nebraska statute imposes no residence requirement where the marriage was solemnized in Nebraska and one party has resided in Nebraska continuously since the marriage. For that reason the rationale of cases such as Fiorentino v. Probate Court (Mass.), 42 L. W. 2540, is persuasive.