Hillsborough
No. 82-290

STEPHEN H. SMITH

v.

JOAN CAROL SMITH

August 9, 1984

*Joan C. Smith*, by brief, pro se.

### MEMORANDUM OPINION

Evidence in the record indicates that in June 1980, the defendant came from California to New Hampshire, where she leased an apartment for herself and her husband, the plaintiff, and a business office for the plaintiff. On or about July 1, 1980, the plaintiff moved from California and joined the defendant. On July 31, 1980, the defendant left the plaintiff and moved to Florida. On August 22, 1980, the plaintiff executed a libel for divorce for irreconcilable differences, RSA 458:7-a, claiming that both parties were domiciled in the State. RSA 458:5, I. He filed the libel on September 2, 1980.

The defendant appeared specially and moved to dismiss on the ground that neither party was domiciled in the State when the action was begun and on the ground of *forum non conveniens.* A Master (*Peter J. Bourque,* Esq.) found both parties had been so domiciled, rejected the claim of *forum non conveniens* and recommended that the motion to dismiss be denied. The Superior Court (*Dalianis,* J.) approved his report. The defendant began an interlocutory appeal, which she later withdrew, allegedly without prejudice.

In June 1981, the defendant executed a cross-libel, likewise claiming irreconcilable differences and alleging that the parties had been domiciled in New Hampshire at the time the plaintiff had filed the original libel. Nonetheless, in February 1982 the defendant again moved to dismiss the plaintiff's libel, on the same grounds raised by the first such motion. Again, the same master recommended that the

motion be denied, and his report was approved by the Superior Court (*Bean*, J.). In May 1982, the same master heard the libel and cross-libel on the merits, and the Court (*Bean*, J.) subsequently adopted his recommendation that a decree of divorce be granted under each pleading.

The defendant now seeks to appeal the finding of jurisdiction based on the domicile of both parties in New Hampshire at the commencement of the action. The short response to her position is that after the master had ruled against her she filed her own cross-libel in the same action, in which she expressly alleged that both parties had been domiciled in the State at the time in question.

She cannot have it both ways. Her allegation of joint domicile was an assertion of the very jurisdictional fact she had earlier put in issue. The effect of her own pleading, therefore, was necessarily to waive her earlier denial of jurisdiction and her exception to the master's ruling against her on the merits of the jurisdictional issue. For this reason, her exception to the first ruling on jurisdiction is not before us. By pressing her exception to the denial of the second motion to dismiss, she attempts to appeal from her own position, that the master had earlier found to be proven on the evidence.

Naturally, the defendant has filed no motion to set aside the decree on grounds of fraud or collusion, *see Kimball v. Kimball*, 63 N.H. 598, 4 A. 702 (1885), and the record does not indicate that there is a basis to raise such a claim. In reality, on appeal the defendant takes a position contrary to her position at trial, on an evidentiary issue she had already waived by pleading what she had earlier denied. The court therefore correctly denied the second motion to dismiss.

The defendant also appeals the denial of her motion to dismiss based on the doctrine of *forum non conveniens*. The master found that there was no evidence that another forum would even have had jurisdiction to try the action. The record supports his finding. He therefore correctly applied the rule "that the action will not be dismissed in any event [on the ground of *forum non conveniens*] unless an alternative forum is available to the plaintiff." *Van Dam v. Smit*, 101 N.H. 508, 509, 148 A.2d 289, 291 (1959); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947); RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 84, comment c.

*Affirmed.*