LLOYD A. RECTOR, APPELLEE, V. SHIRLEY ANN RECTOR,
APPELLANT.
401 N.W.2d 167

Filed February 27, 1987.   No. 85-474.

James R. Nisley, for appellant.

Frank E. Piccolo of Murphy, Pederson, Piccolo & Pederson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

Shirley Ann Rector appeals from an order of the district court for Lincoln County dissolving her marriage to Lloyd A. Rector and dividing the property between the parties. She alleges for the first time that the court lacks subject matter jurisdiction, and further contests the district court's award of a truck and trailer to the husband. We affirm the order in all respects.

The appellee is an over-the-road truckdriver who spends the majority of his time operating a truck between the east and west coasts of the United States. Appellee was reared in North Platte, considers it his home, does his banking there, and testified at trial that he has resided there for several years prior to petitioning for divorce. In the district court's order the trial judge made specific findings that the appellee had resided in North Platte for at least 1 year and that it had jurisdiction over the matter.

Neb. Rev. Stat. § 42-349 (Reissue 1984) provides in part:

> No action for dissolution of marriage may be brought unless at least one of the parties has had actual residence in this state with a bona fide intention of making this state his permanent home for at least one year prior to the filing of the petition, or unless the marriage was solemnized in this state and either party has resided in this state from the time of marriage to filing the petition.

The parties were married in Nevada on July 10, 1976. The appellant argues that the appellee failed to prove that he resided with bona fide intent to make Nebraska his permanent home, and, therefore, the district court erred in finding it had jurisdiction of the matter.

In *Ashley v. Ashley*, 191 Neb. 824, 217 N.W.2d 926 (1974), the constitutionality of the durational residency requirement for jurisdiction over divorce proceedings was challenged. In that opinion this court recognized jurisdiction depends on domicile and that the durational residency requirement may well be the least restrictive method of determining domicile, as it is useful in demonstrating bona fide residence. The requirement was upheld as a reasonable method of serving the state's compelling interest in ascertaining the domicile of those who seek dissolution of their marriages in Nebraska's courts.

Mr. Rector's testimony supports the finding that he met the 1-year residency requirement. Since the requirement's constitutional validity is based upon its usefulness in proving that the petitioner had bona fide domicile, we hold that one who proves he or she met the durational residency requirement shall be permitted the inference that such residency was with the intention to make Nebraska a permanent home, absent a showing that the residency was a sham and not bona fide. This holding is consistent with the purpose of the durational residency requirement and recognizes that an intent to be a permanent resident often has few tangible attributes other than duration.

We must review this case de novo on the record and reach conclusions independent of those made by the trial judge. Neb. Rev. Stat. § 25-1925 (Reissue 1985); *Burhoop v. Burhoop*, 221 Neb. 657, 380 N.W.2d 254 (1986). It is our conclusion that the appellee resided in Nebraska for more than 1 year prior to filing his petition, that his residency here was bona fide and not a sham, and that the district court had jurisdiction to act upon the appellee's petition.

The appellant also contests the division of property made by the district court. Division of property is entrusted to the discretion of the trial court and will not be disturbed on appeal absent a showing of abuse of discretion. *Burhoop v. Burhoop, supra.* Our review of the record discloses no abuse of discretion, and therefore we affirm the order in all respects.

AFFIRMED.