ALISON J. ROZSNYAI, APPELLEE, V.
VINCENT VICTOR SVACEK, APPELLANT.

723 N.W.2d 329

Filed November 9, 2006.    No. S-05-876.

Elizabeth Stuht Borchers, P.C., Ari D. Riekes, and Leilani Harbeck, Senior Certified Law Student, of Marks, Clare & Richards, for appellant.

Michael B. Lustgarten, of Lustgarten & Roberts, P.C., L.L.O., for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Alison J. Rozsnyai filed a petition for dissolution of marriage in the district court for Douglas County in June 2004. Vincent Victor Svacek, Rozsnyai's husband, challenged the court's personal jurisdiction over him and the court's subject matter jurisdiction over the divorce proceeding.

The district court found that it had both personal jurisdiction over Svacek and subject matter jurisdiction over the divorce proceedings. Following a bench trial in which Svacek's attorney appeared to contest the court's personal and subject matter jurisdiction, the district court entered a decree dissolving the parties' marriage, dividing the parties' marital assets, and awarding attorney fees to Rozsnyai.

## BACKGROUND

Rozsnyai and Svacek are both Canadian citizens. They were married in February 1997, in Las Vegas, Nevada, and, following their marriage, resided together in British Columbia, Canada, until their separation in May 1997.

On June 2, 1997, Svacek initiated divorce proceedings in the Supreme Court of British Columbia. Rozsnyai filed an answer and cross-petition with that court on July 18, 1997. Rozsnyai testified that the last activity in the Canadian proceeding took place in December 1998. She also testified, however, that the Canadian dissolution action is still pending.

In 2001, Rozsnyai moved to Nebraska and has since resided in this state on a visitor's visa. The Immigration and Nationality Act, 8 U.S.C. § 1101 et seq. (2000 & Supp. IV 2004), defines several classes of nonimmigrant aliens, including visitors, who are described as "an alien . . . having a residence in a foreign country which he has no intention of abandoning" and who is coming to the United States for business or pleasure. 8 U.S.C. § 1101(a)(15)(B). On June 8, 2004, Rozsnyai filed a petition for dissolution of marriage in the district court. In the first paragraph of her unverified petition, Rozsnyai claims that she "has resided in the State of Nebraska for more than one year with the bona fide intention of making this State her permanent home." Following a motion by Rozsnyai, the district court issued an order allowing the appointment of a private process server and permitting service of the summons and petition on Svacek in British Columbia. Service was perfected on June 24.

On June 30, 2004, the district court received a letter from Richard C. Gibbs, Svacek's legal counsel in British Columbia, on behalf of Svacek. In his letter, Gibbs objected to the court's jurisdiction over the matter because of the pending action in Canada. Gibbs' letter was struck from the record, however, because Gibbs is not authorized to practice law in Nebraska. Thereafter, the court received a letter from Svacek wherein Svacek took issue with the allegations contained in Rozsnyai's complaint and objected to the court's jurisdiction over the matter.

After retaining local counsel, Svacek filed a motion to dismiss for lack of personal jurisdiction and because an action based on the same issues and relief is pending in a court of another jurisdiction. Svacek's motion was denied, and the matter came on for trial on June 2, 2005. At trial, Svacek's attorney renewed his objections to personal and subject matter jurisdiction. The objections were overruled, and on June 27, the court entered a decree dissolving the parties' marriage, dividing the marital assets and

debts, and awarding Rozsnyai $1,000 in attorney fees. Svacek appeals the district court's decree.

## ASSIGNMENTS OF ERROR

Svacek assigns as error, restated and reordered, the district court's determination that it had subject matter jurisdiction over the proceeding and personal jurisdiction over him.

## STANDARD OF REVIEW

When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's. *Diversified Telecom Servs. v. Clevinger*, 268 Neb. 388, 683 N.W.2d 338 (2004).

## ANALYSIS

### SUBJECT MATTER JURISDICTION

Svacek claims that the district court did not have subject matter jurisdiction over the present divorce proceeding.

Subject matter jurisdiction is a court's power to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject involved in the action before the court and the particular question which it assumes to determine. *Ptak v. Swanson*, 271 Neb. 57, 709 N.W.2d 337 (2006).

Pursuant to Neb. Rev. Stat. § 42-351 (Reissue 2004), full and complete general jurisdiction over the entire marital relationship and all related matters is vested in the county or district court in which a petition for dissolution of marriage is properly filed. See *State ex rel. Storz v. Storz*, 235 Neb. 368, 455 N.W.2d 182 (1990). Neb. Rev. Stat. § 42-349 (Reissue 2004) provides that in order to maintain an action for divorce in Nebraska, one of the parties must have had "actual residence in this state with a bona fide intention of making this state his or her permanent home for at least one year prior to the filing of the complaint."

The record in the instant case is insufficient to establish Rozsnyai's intent to make this state her permanent home, thus, the district court did not have jurisdiction over this matter. At trial, Rozsnyai testified that she had lived in Nebraska 3½ years

at the time of trial. Generally, one who proves that he or she has met the durational residency requirement for jurisdiction in divorce proceedings set out in § 42-349 shall be permitted the inference that such residency was with the intention to make Nebraska a permanent home, absent a showing that the residency was a sham and not bona fide. *Rector v. Rector*, 224 Neb. 800, 401 N.W.2d 167 (1987). We conclude, however, that where both parties are foreign citizens and the only party to have resided in Nebraska has done so by reason of a visitor's visa, the inference is negated and specific proof of intention is required. See *Jones v. Union P. R. Co.*, 141 Neb. 112, 2 N.W.2d 624 (1942) (stating that where several inferences are deducible from facts presented, which inferences are opposed to each other but equally consistent with facts, plaintiff does not sustain his position by reliance alone on inference which would entitle him to recover).

A nonimmigrant alien authorized to reside in this country on a visitor's visa does so on a temporary basis and on the condition that he or she is not abandoning his or her foreign residence. 8 U.S.C. § 1101(a)(15)(B); 8 C.F.R. § 214.2(b) (2006). The residency restrictions placed on a nonimmigrant alien residing on a visitor's visa negates the inference that a nonimmigrant alien intends to reside in Nebraska on a permanent basis merely because he or she has resided in this state for more than 1 year. Thus, in the instant case, the inference created by Rozsnyai's testimony that she has lived in Nebraska since 2001 was negated by the fact that she has done so on a visitor's visa.

Because an inference did not arise that Rozsnyai has resided in Nebraska with the intention to make it her permanent home, it was necessary for Rozsnyai to put forth evidence establishing that intent. However, the only evidence presented at trial was Rozsnyai's testimony regarding the length of time she had resided in Nebraska at the time of trial.

Because the record does not establish Rozsnyai's intention to reside in this state permanently, we conclude the district court did not have jurisdiction over this matter.

We note that Svacek argues on appeal that subject matter jurisdiction is lacking because Rozsnyai is present in the United States based on a visitor's visa and, therefore, does not have the requisite intent to remain in this country permanently. Because

we conclude there is insufficient evidence to establish Rozsnyai's intent, we need not determine whether or not she could legally form the intention to reside here permanently in light of her immigration status. We point out, however, that it appears there may be instances where a nonimmigrant alien is able to establish an intention to reside in a state permanently when the alien has offered proof of that intent apart from his or her presence in that state. See, e.g., *Alves v. Alves*, 262 A.2d 111 (D.C. App. 1970) (holding husband established domicile for purposes of obtaining divorce in that jurisdiction, despite immigration status); *Weber v. Weber*, 929 So. 2d 1165 (Fla. App. 2006) (holding nonimmigration status does not bar individual's right to establish residency for purposes of obtaining dissolution of marriage in that state and citing *Perez v. Perez*, 164 So. 2d 561 (Fla. App. 1964), for proposition that alien's nonpermanent immigration status is factor in determining issue of domiciliary intent); *Bustamante v. Bustamante*, 645 P.2d 40 (Utah 1982) (noting nonimmigrating aliens may form requisite intent to establish permanent residence for purpose of divorce). However, such evidence is not present in this case.

. Because the evidence is insufficient to establish Rozsnyai's intention to reside in Nebraska permanently, we vacate the decree of dissolution entered by the district court and dismiss this action.

## PERSONAL JURISDICTION

■ Having determined that the district court did not have subject matter jurisdiction over this proceeding, we need not address Svacek's argument that the district court erred in determining that it has personal jurisdiction over him. See *Gary's Implement v. Bridgeport Tractor Parts*, 270 Neb. 286, 702 N.W.2d 355 (2005) (appellate court is not obligated to engage in analysis which is not needed to adjudicate controversy before it).

## CONCLUSION

For the reasons discussed above, we conclude that the district court did not have subject matter jurisdiction over this proceeding and, accordingly, vacate the decree of dissolution and dismiss this action.

VACATED AND DISMISSED.

HEAVICAN, C.J., not participating.