745 N.W.2d 609 (2008)
16 Neb. App. 536
MBNA AMERICA BANK, N.A., appellee,
v.
Paul John HANSEN, appellant.
No. A-06-748.
Court of Appeals of Nebraska.
March 4, 2008.
*612 Paul John Hansen, pro se.
Margaret A. McDevitt and Karl von Oldenburg, of Brumbaugh & Quandahl, P.C., L.L.O., Omaha, for appellee.
IRWIN, CARLSON, and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
This matter comes before us upon the motion for rehearing filed by Paul. John Hansen in response to our summary affirmance. We granted the motion in part, relating only to Hansen's claim that the county court lacked subject matter jurisdiction to confirm an arbitration award. We conclude that Nebraska's Uniform Arbitration Act commits such jurisdiction exclusively to the district court. Because the county court lacked jurisdiction, the appellate courts also lack jurisdiction.

BACKGROUND
MBNA America Bank, N.A. (MBNA), filed a complaint in the county court for Douglas County for judgment upon an arbitration award made pursuant to a contract between MBNA and Hansen. Hansen filed an answer admitting certain of MBNA's allegations, denying the remainder, and asserting three affirmative defenses, none of which addressed the issue before us on rehearing. After protracted proceedings in the county court, the court entered a summary judgment for MBNA.
Hansen appealed to the district court, where he filed a statement of errors asserting 18 errors, which generally pertained to Hansen's claims that he received inadequate notice of the county court proceedings, that there was a lack of evidence regarding the contract between MBNA and Hansen, that there was no evidence of an accounting ledger of MBNA supporting the debt, and that there were foundational issues regarding the evidence on summary judgment. The district court affirmed the judgment of the county court and remanded to the county court for execution of the judgment.
Hansen perfected an appeal to this court, and shortly thereafter, he filed a motion to dismiss for lack of subject matter jurisdiction. Hansen again asserted that he was not given notice of the proceedings in county court. He also argued that he never had a contract with MBNA and that he did not owe MBNA money. Based on his arguments about notice in the county court, it appeared that Hansen was attempting to challenge personal jurisdiction or due process, and we overruled the motion for summary dismissal. Thereafter, we summarily affirmed the district court's decision.
Hansen timely filed a motion for rehearing. The motion stated that Hansen "motions the court to dismiss this case for lack of subject matter jurisdiction" and that he "motions the court to dismiss the action with prejudice based on the fact that state law requires the arbitration to be confirmed only in a district court and not a county court as with this case." In the *613 last paragraph of the conclusion, Hansen asserted that the county court lacked jurisdiction because the Uniform Arbitration Act specified that the district court shall have jurisdiction. We sustained the motion for rehearing in part and granted rehearing limited to the issue of subject matter jurisdiction. We requested and received supplemental briefing on this issue from both parties. Pursuant to authority granted to this court under Neb. Ct. R. of Prac. 11B(1) (rev.2006), this case was ordered submitted without oral argument.

ASSIGNMENTS OF ERROR
In his initial appellate brief, Hansen assigned 20 errors. We need not set forth his assigned errors because the issue upon rehearing is limited solely to subject matter jurisdiction.

STANDARD OF REVIEW
When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of the claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. VanHorn v. Nebraska State Racing Comm., 273 Neb. 737, 732 N.W.2d 651 (2007).
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. Id.
A party may move for rehearing in an appellate court based upon any claimed mistakes or inaccuracies in statements of fact or law in the opinion, and any questions involved which the court is claimed to have failed to consider on the appeal. McCray v. Nebraska State Patrol, 271 Neb. 1, 710 N.W.2d 300 (2006); Neb. Ct. R. of Prac. 13D (rev.2006).

ANALYSIS
Subject matter jurisdiction is a court's power to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject involved in the action before the court and the particular question which it assumes to determine. Rozsnyai v. Svacek, 272 Neb. 567, 723 N.W.2d 329 (2006). Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte. Bettennan v. Department of Motor Vehicles, 273 Neb. 178, 728 N.W.2d 570 (2007). Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties. Cummins Mgmt. v. Gilroy, 266 Neb. 635, 667 N.W.2d 538 (2003). Because absence of subject matter jurisdiction may be raised by any party at any time, we must consider the question even though it was first raised on rehearing.
We start by setting forth the general principles relating to the respective jurisdiction of the district and county courts. Neb. Const, art. V, § 9, states in pertinent part: "The district courts shall have both chancery and common law jurisdiction, and such other; jurisdiction as the Legislature may provide." The jurisdiction of the district courts conferred by the terms of the Nebraska Constitution, as thus conferred, is beyond the power of the Legislature to limit or control; while the Legislature may grant to the district courts such other jurisdiction as it may deem proper, it cannot limit or take away from such courts their broad and general jurisdiction which the constitution has conferred upon them. Susan L. v. Steven L., *614 273 Neb. 24, 729 N.W.2d 35 (2007). In Tynan v. Tate, 3 Neb. 388 (1874), the Nebraska Supreme Court recognized "the common law mode of arbitration." Because it appears that arbitration falls within the district court's common law jurisdiction, the Legislature is powerless to take away the district court's jurisdiction over such matters.
The Legislature granted district courts "general, original and appellate jurisdiction in all matters, both civil and criminal, except where otherwise provided." Neb. Rev.Stat. § 24-302 (Reissue 1995). A county court has concurrent original jurisdiction with the district court in all civil actions of any type when the amount in controversy is $51,000 or less. See, Neb. Rev.Stat. § 24-517(5) (Cum.Supp.2006); Neb. Ct. R. of Cty. Cts. 62(I) (rev.2005). Neither § 24-302 nor § 24-517 explicitly confers jurisdiction over arbitration to either the district court or the county court. But assuming that at common law an action to enforce arbitration awards existed when the Legislature generally conferred jurisdiction on the county courts in matters where the amount in controversy is $51,000 or less, such an action may have been within the county court's jurisdiction.
The role of the court in the post-1987 arbitration process is specifically addressed and limited by the Uniform Arbitration Act. Hartman v. City of Grand Island, 265 Neb. 433, 657 N.W.2d 641 (2003). The Uniform Arbitration Act is found at Neh.Rev.Stat. § 25-2601 et seq. (Reissue 1995 & Cum.Supp.2006). Section 25-2612 generally directs "the court" to confirm an arbitration award within 60 days of the application of a party unless timely grounds are asserted under either § 25-2613, for vacating an award, or under § 25-2614, for modifying or correcting an award. Section 25-2615 states that "[u]pon the granting of an order confirming, modifying, or correcting an award, a judgment or decree shall be entered in conformity therewith and should be enforced as any other judgment or decree." Section 25-2617 specifies that "[e]xcept as otherwise provided, an application to the court under the Uniform Arbitration Act shall be by motion and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions." All of these statutes refer to "the court."
Section 25-2618(a) states, "The term court shall mean any district court of this state. The making of an agreement described in section 25-2602.01 providing for arbitration in this state confers jurisdiction on the court to enforce the agreement under the Uniform Arbitration Act and to enter judgment on an award thereunder." Appellate courts give statutory language its plain and ordinary meaning and will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. Knapp v. Village of Beaver City, 273 Neb. 156, 728 N.W.2d 96 (2007). It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute. State v. Warriner, 267 Neb. 424, 675 N.W.2d 112 (2004). If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. Turco v. Schuning, 271 Neb. 770, 716 N.W.2d 415 (2006). Section 25-2618 expressly gives "any district court" jurisdiction over arbitration matters. Applying the legal principle of expressio unius est exclusio alteriusthat the expression of one thing is the exclusion of the othersthe express grant of jurisdiction to the district courts excludes jurisdiction *615 to courts unmentioned by the statute. See, generally, Chapin v. Neuhoff Broad.-Grand Island, Inc., 268 Neb. 520, 684 N.W.2d 588 (2004). The Legislature's specific grant of jurisdiction to the district court to the exclusion of the county court presents a potential conflict between §§ 25-2618 and 24-517(5) on the subject of jurisdiction. To the extent that a conflict exists between two statutes on the same subject, the specific statute controls over the general statute. In re. Application of Metropolitan Util. Dist., 270 Neb. 494, 704 N.W.2d 237 (2005). Accordingly, the Legislature's specific grant of jurisdiction in matters of arbitration to the district court is controlling.
Our conclusion that the county court lacks jurisdiction is bolstered by § 25-2618.01(a), which empowers a party to submit a controversy, which controversy is subject to the terms of an otherwise valid arbitration agreement, to the small claims court when the amount of the controversy is within the small claims court's jurisdictional limit. It further provides that a controversy submitted to the small claims court under this section shall not be transferred to the regular docket of the county court under Neb.Rev.Stat. § 25-2805 (Cum.Supp.2006). See § 25-2618.01(b). Thus, while the Legislature allowed for very small claims to be adjudicated in the small claims court rather than through arbitration, it is significant to the issue before us that such claims could not be removed to the regular docket of the county court. It therefore appears the Legislature contemplated that the county court would have no function with respect to enforcement of arbitration agreements or arbitration awards. We conclude that jurisdiction over confirmation of arbitration awards is conferred upon the district court by § 25-2618 and that the county court has no such jurisdiction.
The last question we must consider is whether anything in the federal Arbitration Act, 9 U.S.C. § 1 et seq. (2000 & Supp. V 2005) preempts state law on the subject. The Suprernacy Clause of the U.S. Constitution dictates that state law, including constitutional law, is superseded to the extent it conflicts with federal law. U.S. Const, art. VI, cl. 2; Dowd v. First Omaha Sec. Corp., 242 Neb. 347, 495 N.W.2d 36 (1993). With regard to the confirmation of an arbitration award, 9 U.S.C. § 9 provides:
If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.
*616 We see nothing in the federal Arbitration Act which confers jurisdiction on Nebraska county courts or otherwise preempts state law. The arbitration agreement in this case stated in relevant part, "Judgment upon any arbitration award may be entered in any court having jurisdiction." Under Nebraska's statute, the only court having such jurisdiction is the district court. We conclude that the county court did not have jurisdiction to confirm the arbitration award. Accordingly, the district court and this court also lack jurisdiction over the merits of the appeal.

CONCLUSION
Because the county court lacked the authority to exercise its subject matter jurisdiction to confirm the arbitration award, the district court and this court also lack the power to determine the merits of the issue presented to the county court. We withdraw our previous judgment of summary affirmance. Even though an appellate court may lack jurisdiction to hear the merits of the case, the appellate court does have authority to vacate a lower court's order, and, if appropriate, remand the case for further proceedings, when such order was entered by a court lacking jurisdiction and was thus void. Goeser v. Allen, 14 Neb.App. 656, 714 N.W.2d 449 (2006). We therefore vacate the decision of the district court, and remand the cause with directions that the district court is to remand the cause to the county court with instructions to dismiss the complaint for lack of subject matter jurisdiction. See Merrill v. Griswold's, Inc., 270 Neb. 458, 703 N.W.2d 893 (2005).
JUDGMENT VACATED, AND CAUSE REMANDED WITH DIRECTIONS.