Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/16/2022 08:04 AM CST

Carmen Alicia Aquino Bleich, appellant,
v. Arlin Edward Bleich, appellee.

___ N.W.2d ___

Filed December 2, 2022.    No. S-21-939.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's grant of a motion to dismiss is reviewed de novo. When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.

2. **Judgments: Jurisdiction: Appeal and Error.** Subject matter jurisdiction is a question of law. An appellate court reviews questions of law independently of the lower court's conclusion.

3. **Rules of the Supreme Court: Pleadings: Jurisdiction.** A party may challenge the court's subject matter jurisdiction under Neb. Ct. R. Pldg. § 6-1112(b)(1) by presenting either a facial challenge or a factual challenge.

4. ____: ____: ____. In a facial challenge under Neb. Ct. R. Pldg. § 6-1112(b)(1), the party asserts the allegations of the complaint are insufficient to establish the court's jurisdiction over the subject matter of the case. When a facial challenge is presented, the court will look only to the complaint to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction.

5. ____: ____: ____. In a factual challenge under Neb. Ct. R. Pldg. § 6-1112(b), the party asserts there is no jurisdiction over the subject matter of the case notwithstanding the allegations of the complaint. When a factual challenge is presented, the court may consider and weigh evidence outside of the pleadings to answer the jurisdictional question.

6. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class

or category to which the proceedings in question belong and to deal with the general subject matter involved.

7. **Divorce: Jurisdiction: Legislature.** Pursuant to Neb. Rev. Stat. § 42-351 (Reissue 2016), the Legislature has vested full and complete general jurisdiction over the entire marital relationship and all related matters in the district court in which a petition for dissolution of marriage is properly filed.

8. **Divorce: Domicile: Jurisdiction.** Dissolution actions have durational residency requirements, set out in Neb. Rev. Stat. § 42-349 (Reissue 2016), which must be met in order to confer subject matter jurisdiction.

9. **Divorce: Jurisdiction.** A district court's determination of whether a foreign divorce decree should be recognized under principles of judicial comity is not a matter of subject matter jurisdiction.

10. **Equity: Estoppel: Pleadings.** Equitable estoppel is an affirmative defense, and when a party seeks to raise estoppel as an affirmative defense to a claim for relief, it must be affirmatively set forth in the party's responsive pleading.

Appeal from the District Court for Lancaster County: Susan I. Strong, Judge. Reversed and remanded for further proceedings.

Brett McArthur for appellant.

Andrew M. Ferguson and Timothy J. Buckley, of Smith, Slusky, Pohren & Rogers, L.L.P., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

In 2021, Carmen Alicia Aquino Bleich filed a complaint in the Lancaster County District Court seeking dissolution of her marriage to Arlin Edward Bleich. Arlin moved to dismiss the complaint, asserting the parties' marriage had already been dissolved by a Venezuelan divorce decree. The district court granted the motion to dismiss, and Carmen filed this timely appeal. We reverse, and remand for further proceedings.

## BACKGROUND

### Complaint for Dissolution

On May 4, 2021, Carmen filed a complaint for dissolution of marriage in the district court for Lancaster County. The complaint alleged (1) the parties were married in Omaha, Nebraska, on March 8, 2003; (2) no children were born of the marriage; (3) Arlin is a resident of Lancaster County and resided in Nebraska for more than 1 year prior to the filing of the complaint; (4) the marriage is irretrievably broken; and (5) Carmen is "not now a party to any other pending action for divorce, separation or dissolution of marriage." The complaint prayed for a decree dissolving the parties' marriage and equitably dividing their marital property and debts.

### Motion to Dismiss

Arlin filed a motion to dismiss the complaint pursuant to Neb. Ct. R. Pldg. § 6-1112(b) (rule 12(b)), specifically subsections (1), (2), and (6). The motion asserted the parties were married in Nebraska on March 8, 2003, and were married in Maracaibo, Zulia, Venezuela, on March 11, 2003. The motion also asserted the parties were "legally divorced in Maracaibo, Zulia, Venezuela on March 23, 2015," and "[b]oth parties resided there at the time of the divorce." The motion asserted the parties were no longer legally married, and it asked the court to dismiss the dissolution action for lack of subject matter jurisdiction under rule 12(b)(1), for lack of personal jurisdiction over Arlin under rule 12(b)(2), and for failure to state a claim on which relief can be granted under rule 12(b)(6).

The district court held a hearing on Arlin's motion to dismiss. Both parties appeared, represented by counsel. The parties offered several exhibits, all of which related to court proceedings in Venezuela. The exhibits were received into evidence without objection.

The exhibits included a certified copy of a Venezuelan dissolution decree dated March 23, 2015, and a verified English

translation of that decree. According to the translation, the parties were married in the Venezuelan city of Maracaibo on March 11, 2003, and in November 2012, Arlin filed for divorce on grounds of voluntary abandonment and cruelty. The Venezuelan court appointed a "Defender *ad litem*" for Carmen, who answered the lawsuit by denying Arlin's claims. The Venezuelan decree stated that both parties submitted evidence in the divorce action, and it recited a finding that based on such evidence, Arlin was entitled to a divorce. The Venezuelan decree thus "dissolve[d] the marriage contracted on . . . March 11, 2003 . . . before the Civil Head of the Parish of Coquivacoa, municipality of Maracaibo, state of Zulia, certificate No. 63." The Venezuelan decree did not mention the parties' March 8, 2003, marriage in Nebraska.

During the hearing on Arlin's motion to dismiss, the parties focused their argument exclusively on whether the Venezuelan decree should be recognized as valid in Nebraska under principles of comity. At the conclusion of the hearing, the district court took the matter under advisement and ordered simultaneous briefs addressing "whether or not a foreign divorce decree is valid here."

## Order of Dismissal

On October 25, 2021, the district court entered an order sustaining Arlin's motion to dismiss and dismissing Carmen's complaint with prejudice. The court's order stated, "The question before the Court is whether the Venezuelan Decree is valid."

On that issue, Carmen argued the Venezuelan decree was invalid and she was therefore entitled to seek a decree of dissolution in Nebraska. Arlin, on the other hand, argued the Venezuelan decree was valid in Nebraska and the parties were already legally divorced, so the Nebraska dissolution action should be dismissed.

The district court agreed with Arlin and found the Venezuelan decree was valid in Nebraska, reasoning:

In *Weber v. Weber*, 200 Neb. 659, 663, 265 N.W.2d 436 (1978) . . . the Nebraska Supreme Court held that a "divorce obtained in the Dominican Republic by two Nebraska residents fell within the statute [Neb. Rev. Stat. § 42-341 (Reissue 2016)] providing that a divorce obtained in another jurisdiction is of no force or effect if both parties to the marriage were domiciled in Nebraska at the time that the proceeding for divorce was commenced." The Court explained in *Weber* that Nebraska has a policy of protecting the interests of Nebraska domiciliaries from being compromised in quick foreign divorce proceedings. *Id.* at 665. However, the Court stated that a person may be precluded from attacking the validity of a foreign divorce decree if it would be inequitable for her or him to do so. . . .

. . . .

Based on the evidence submitted at the hearing on [Arlin's] Motion to Dismiss, both parties had lived in Venezuela since 2005 and were residents of Venezuela at the time the marriage was dissolved by the Venezuelan court in 2015. Therefore, this Court must recognize that Decree under principles of comity. In addition, [Carmen] is estopped from attacking the validity of the decree since she was a participant in the dissolution proceedings . . . .

. . . Accordingly, the Court finds that the parties are no longer legally married, that [Carmen] is estopped from bringing this action, and that this Court lacks jurisdiction to proceed over the subject matter of this action.

Carmen filed this timely appeal, which we moved to our docket on our own motion.

ASSIGNMENTS OF ERROR

The district court dismissed this divorce action for lack of subject matter jurisdiction, after finding the parties were already divorced under a Venezuelan decree. Carmen assigns,

restated, that the district court erred in dismissing the divorce action because (1) the Venezuelan decree is not valid, (2) Carmen should not be estopped from challenging the validity of the Venezuelan decree, (3) the Venezuelan decree should not be recognized under principles of comity because "it does not provide for a division of the marital assets and therefore violates the public policy of the state of Nebraska," and (4) the complaint should not have been dismissed before discovery could be completed on matters bearing on the validity of the Venezuelan decree.

## STANDARD OF REVIEW

[1] A district court's grant of a motion to dismiss is reviewed de novo.[1] When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.[2]

[2] Subject matter jurisdiction is a question of law.[3] An appellate court reviews questions of law independently of the lower court's conclusion.[4]

## ANALYSIS

Before reviewing de novo the granting of Arlin's motion to dismiss, we clarify the issues properly before us in this appeal. As stated, Arlin moved the district court to dismiss the dissolution action for lack of subject matter jurisdiction under rule 12(b)(1), for lack of personal jurisdiction over Arlin under rule 12(b)(2), and for failure to state a claim on which relief can

---

[1] *Gray v. Frakes*, 311 Neb. 409, 973 N.W.2d 166 (2022), citing *DMK Biodiesel v. McCoy*, 285 Neb. 974, 830 N.W.2d 490 (2013).

[2] *Id.*

[3] *North Star Mut. Ins. Co. v. Stewart*, 311 Neb. 33, 970 N.W.2d 461 (2022); *Burke v. Board of Trustees*, 302 Neb. 494, 924 N.W.2d 304 (2019).

[4] *Id.*

be granted under rule 12(b)(6). The district court's dismissal order, however, addressed only subject matter jurisdiction; it made no mention of the other grounds for dismissal. No party has assigned error to the district court's failure to address the other grounds for dismissal, and we therefore limit our de novo review to whether the district court erred in dismissing this action for lack of subject matter jurisdiction.

### Dismissal Under 12(b)(1)

[3-5] Before addressing the merits of the rule 12(b)(1) motion, we first consider the nature of the challenge. A party may challenge the court's subject matter jurisdiction under rule 12(b)(1) by presenting either a facial challenge or a factual challenge.[5] In a facial challenge, the party asserts the allegations of the complaint are insufficient to establish the court's jurisdiction over the subject matter of the case. When a facial challenge is presented, the court will look only to the complaint to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction.[6] In a factual challenge, the party asserts there is no jurisdiction over the subject matter of the case notwithstanding the allegations of the complaint.[7] When a factual challenge is presented, the court may consider and weigh evidence outside of the pleadings to answer the jurisdictional question.[8]

Arlin presented a factual challenge to the court's subject matter jurisdiction, because he supported his rule 12(b)(1) motion with matters outside the pleadings. More specifically, he offered a 2015 Venezuelan divorce decree involving the same parties, which was not mentioned in the complaint, to support his assertion that the Lancaster County District Court

---

[5] See *Washington v. Conley*, 273 Neb. 908, 734 N.W.2d 306 (2007).

[6] See *id.*

[7] See *id.*

[8] See *id.*

lacked subject matter jurisdiction over the dissolution action. But as we explain next, Arlin's evidence did not show a lack of subject matter jurisdiction over the dissolution action, and the district court erred in concluding otherwise.

### SUBJECT MATTER JURISDICTION
### IN DISSOLUTION ACTIONS

Relying on the Venezuelan decree itself, the district concluded it "lack[ed] jurisdiction to proceed over the subject matter of this action" for two reasons. First, it found that according to the Venezuelan decree, "both parties resided in Venezuela at the time the Decree was entered, both parties had citizen and/or resident status at the time the Decree was entered, and both parties participated in the proceeding." The court therefore concluded it "must recognize [the Venezuelan decree] under principles of comity." Second, having determined the Venezuelan decree was valid, the court found "the parties are no longer legally married," and therefore, Carmen was "estopped from attacking the validity of the decree" and was "estopped from bringing this [dissolution] action." On our de novo review, we conclude as a matter of law that none of these findings implicate the district court's subject matter jurisdiction.

[6,7] We have defined subject matter jurisdiction as the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.[9] Article V, § 9, of the Nebraska Constitution states that "[t]he district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide . . . ." Pursuant to Neb. Rev. Stat. § 42-351 (Reissue 2016), the Legislature has vested full and complete general jurisdiction over the entire marital relationship and all related matters in

---

[9] *Whitesides v. Whitesides*, 290 Neb. 116, 858 N.W.2d 858 (2015); *Charleen J. v. Blake O.*, 289 Neb. 454, 855 N.W.2d 587 (2014).

the district court in which a petition for dissolution of marriage is properly filed.[10] That statute provides that in marital dissolution actions,

> the court shall have jurisdiction *to inquire into such matters, make such investigations, and render such judgments and make such orders, both temporary and final, as are appropriate concerning the status of the marriage,* the custody and support of minor children, the support of either party, the settlement of the property rights of the parties, and the award of costs and attorney's fees.[11]

[8] Dissolution actions also have durational residency requirements, set out in Neb. Rev. Stat. § 42-349 (Reissue 2016), which must be met in order to confer subject matter jurisdiction.[12] That statute provides two ways to satisfy the durational residency requirement:

> No action for dissolution of marriage may be brought unless at least one of the parties has had actual residence in this state with a bona fide intention of making this state his or her permanent home for at least one year prior to the filing of the complaint, or unless the marriage was solemnized in this state and either party has resided in this state from the time of marriage to filing the complaint.[13]

Here, the allegations of Carmen's complaint, which must be accepted as true at this stage of the proceeding, sufficiently established the district court's subject matter jurisdiction over this divorce action. The durational residency requirement was satisfied by allegations that Arlin was a resident of Lancaster County and had been a resident of Nebraska for at least 1 year prior to the date of filing the complaint, and Arlin's

---

[10] See *Whitesides, supra* note 9.

[11] § 42-351 (emphasis supplied).

[12] See *Rozsnyai v. Svacek*, 272 Neb. 567, 723 N.W.2d 329 (2006).

[13] § 42-349.

evidence did not contradict such allegations. Moreover, the complaint alleged the parties were lawfully married in Omaha on March 8, 2003, and the marriage was irretrievably broken, thereby placing the status of the marriage at issue. As such, the district court had "full and complete general jurisdiction over the entire marital relationship and all related matters"[14] which necessarily includes inquiry into and determination of the impact, if any, of the Venezuelan decree on the status of their marriage. Arlin relied on the Venezuelan divorce decree to argue the parties were no longer legally married, but as we explain next, this presented an issue of judicial comity, not subject matter jurisdiction.

### Judicial Comity and Subject Matter Jurisdiction

We understand the district court to have concluded it lacked subject matter jurisdiction over the dissolution action once it found the Venezuelan decree was entitled to recognition under principles of comity. In this respect, it appears the parties and the district court may have conflated the doctrine of judicial comity with subject matter jurisdiction. We addressed a similar issue in *Charleen J. v. Blake O.*,[15] where we explained:

> Some confusion has developed from our failure to always distinguish the improper exercise of jurisdiction under judicial comity from a lack of subject matter jurisdiction. We have sometimes said, under the doctrine of jurisdictional priority, that a second court lacks "jurisdiction." We mean that a subsequent court that decides a case already pending in another court with concurrent subject matter jurisdiction errs in the exercise of its jurisdiction. Jurisdictional priority is neither a matter

---

[14] *Whitesides, supra* note 9, 290 Neb. at 122, 858 N.W.2d at 864.

[15] *Charleen J., supra* note 9, 289 Neb. at 462-63, 855 N.W.2d at 595 (emphasis omitted).

of subject matter jurisdiction nor personal jurisdiction. The subsequent court does not lack judicial power over the general class or category to which the proceedings belong and the general subject involved in the action before the court.

[9] Similarly, a district court's determination of whether a foreign divorce decree should be recognized under principles of judicial comity is not a matter of subject matter jurisdiction.[16] Whether the Venezuelan divorce decree is entitled to recognition under principles of judicial comity is sure to be a contested issue in this dissolution action. But it is not an issue bearing on the district court's subject matter jurisdiction, and as such, it did not provide a basis for dismissal under rule 12(b)(1).

## Estoppel and Subject Matter Jurisdiction

The district court's order dismissing the action for lack of subject matter jurisdiction also included factual findings that Carmen was "estopped from attacking the validity of the [Venezuelan] decree since she was a participant in the dissolution proceedings" and that she was "estopped from bringing this action" because the parties were already divorced in

---

[16] See *id.* See, also, *Perry v. Coles County, Illinois*, 906 F.3d 583 (7th Cir. 2018) (describing comity as doctrine of abstention, not subject matter jurisdiction); *Taveras v. Taveraz*, 477 F.3d 767, 783 (6th Cir. 2007) ("courts are obligated to consider whether a judgment of a foreign court should be afforded comity only when the . . . court already has jurisdiction"); *European Community v. RJR Nabisco, Inc.*, 150 F. Supp. 2d 456, 474 (E.D.N.Y. 2001) ("[i]nternational comity does not describe a limitation upon the subject matter jurisdiction of the federal courts"); *Iqtaifan v. Hagerty*, 617 S.W.3d 400, 408 (Ky. 2021) (holding Kentucky court's decision regarding whether to recognize Jordanian divorce decree under principles of comity "had no bearing on whether [the Kentucky court] was acting within [its] jurisdiction"); *Guimaraes v. Brann*, 562 S.W.3d 521, 536 (Tex. App. 2018) ("[t]he doctrine of international comity, however, involves a case over which a Texas court has subject-matter jurisdiction, but, in its discretion, chooses not to exercise it").

Venezuela. In *Weber v. Weber*,[17] we addressed the circumstances under which a party might be equitably estopped from challenging the validity of a foreign divorce decree:

> In a proper case, a person may be precluded from attacking the validity of a foreign divorce decree if, under the circumstances, it would be inequitable for him or her to do so. . . . Such inequity may exist when action has been taken in reliance on the divorce, or when the attack on the divorce is inconsistent with the earlier conduct of the attacking party. . . . In cases involving foreign divorce decrees, as in other situations, however, the application of principles of equitable estoppel cannot be subjected to fixed and settled rules of universal application, but rests largely on the facts and circumstances of each particular case.

[10] Equitable estoppel is an affirmative defense.[18] And when a party seeks to raise estoppel as an affirmative defense to a claim for relief, it must be affirmatively set forth in the party's responsive pleading.[19] Here, no answer has yet been filed, so it is unclear how the affirmative defense of equitable estoppel became a consideration at this stage in the case. But regardless, the affirmative defense of equitable estoppel has no bearing whatsoever on the district court's subject matter jurisdiction over the dissolution action. To the extent the district court relied on its equitable estoppel findings to support dismissal for lack of subject matter jurisdiction, it erred.

## CONCLUSION

Our de novo review shows that the allegations of Carmen's complaint sufficiently established the district court's subject matter jurisdiction over the entire marital relationship and all

---

[17] *Weber v. Weber*, 200 Neb. 659, 666, 265 N.W.2d 436, 441 (1978).

[18] See Neb. Ct. R. Pldg. § 6-1108(c).

[19] See *de Vries v. L & L Custom Builders*, 310 Neb. 543, 968 N.W.2d 64 (2021).

related matters, including the status of the parties' marriage. Because the evidence adduced at the hearing on Arlin's motion to dismiss did not pertain to subject matter jurisdiction or establish a lack of subject matter jurisdiction, it was error to dismiss this action for a lack of subject matter jurisdiction.

We therefore reverse the order of dismissal in its entirety, including all factual findings contained therein, and remand the matter for further proceedings. Because of this disposition, it is not necessary to address Carmen's assignments of error relating to the validity of the Venezuelan decree.[20] Moreover, we express no opinion on whether the Venezuelan decree is entitled to recognition under principles of judicial comity, whether Carmen should be equitably estopped from challenging the validity of such decree, or whether such decree, if ultimately recognized, has any effect on the status of the parties' March 8, 2003, marriage. Resolution of these issues will necessarily depend on how the parties decide to frame their pleadings, the procedure used to present the issues to the district court for resolution, and the evidence adduced and properly considered.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

---

[20] See *Johnson v. Nelson*, 290 Neb. 703, 861 N.W.2d 705 (2015) (appellate court need not address assignments of error or engage in analysis that is not necessary to adjudicate matter before it).